## Richmond

### CITY OF VIRGINIA BEACH V.
### ROBERT R. RENEAU.

April 22, 1977.

Record No. 760720.

Present, All the Justices.

*Arthur Bergman, Assistant City Attorney (J. Dale Bimson, City Attorney,* on brief), for plaintiff in error.

No brief or argument for defendant in error.

Per Curiam.

This appeal by the City of Virginia Beach is from an order of the circuit court dismissing a warrant charging Robert R. Reneau with refusing to take a blood or breath alcohol test.[1]

The record shows Reneau was arrested and charged with driving under the influence on April 7, 1975. He was informed of the provisions of the implied consent law by the arresting officer and later by a magistrate. On both occasions Reneau refused to take either a blood or breath alcohol test. After his second refusal, a warrant was issued for his refusal to submit to a blood or breath alcohol test in violation of Virginia Beach Code § 22-84.2.

---

[1] Under *Deaner* v. *Commonwealth,* 210 Va. 285, 170 S.E.2d 199 (1969), a refusal proceeding is civil in nature. Hence, the city was entitled to appeal the dismissal of the warrant.

At trial on the driving under the influence charge, the general district court, having heard all the evidence, amended, *sua sponte*, the warrant to charge reckless driving and then found Reneau guilty of improper driving. Immediately thereafter the refusal charge was heard and the general district court convicted Reneau of unreasonably refusing to take a blood or breath alcohol test and revoked his license for 90 days. Reneau appealed the latter conviction to the circuit court.

The circuit court, after hearing the evidence, dismissed the case, holding that trial of the refusal charge after amendment of the driving under the influence warrant to charge reckless driving and Reneau's conviction for improper driving violated the mandate of Virginia Beach Code §  22-84.2(1) that the refusal charge be tried "subsequent to the defendant's criminal trial for driving under the influence of intoxicants." We believe this was error.

The record establishes clearly not only that there was a "trial" of Reneau's driving under the influence charge but also that his refusal charge was tried subsequently, all within the meaning of § 22-84.2(1) of the Virginia Beach Code. The general district court heard "all the testimony" concerning the driving drunk offense, then amended the warrant to charge reckless driving and convicted Reneau of improper driving. Thereafter, albeit immediately, the court tried Reneau on the refusal charge.

It was immaterial to the validity of Reneau's refusal conviction in district court what disposition that court may have made of the driving under the influence charge. Under the Virginia Beach Code, which parallels the state statute,[2] a driving under the influence trial and a refusal trial are independent proceedings, and "the outcome of one is of no consequence to the other." *Deaner* v. *Commonwealth, supra,* 210 Va. at 289, 170 S.E.2d at 201. So far as is pertinent here, the law requires only that a refusal charge be tried "subsequent to the defendant's criminal trial for driving under the influence of intoxicants." That requirement was met in this case. Accordingly, the judgment of the trial court will be reversed and the case remanded for a new trial.

*Reversed and remanded.*

---

[2] Va. Code §  18.2-268 (§  18.1-55.1 at the time of Reneau's offense).