STANLEY R. NEIL, APPELLEE, V.
HARRY "PETE" PETERSON, DIRECTOR,
DEPARTMENT OF MOTOR VEHICLES,
STATE OF NEBRASKA, APPELLANT.

314 N.W.2d 275

Filed January 8, 1982.   No. 44277.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter for appellant.

No appearance for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

This is an appeal by the director of the Department of Motor Vehicles from an order of the District Court for York County reversing an order of the director made under the provisions of Neb. Rev. Stat. §§ 39-669.14 to 39-669.17 (Reissue 1978) revoking the motor vehicle operator's license of the appellee Neil for refusal to give a urine or blood sample for testing, contrary to the provisions of Neb. Rev. Stat. § 39-669.08(4) (Reissue 1978). On the appeal to the District Court from the order of the director revoking Neil's license for a

period of 6 months, there was received in evidence the record made before the director. This evidence showed prima facie the violation of § 39-669.08(4) by Neil, proof of notification to Neil, and the order of the director setting forth his findings and the order of revocation.

Also received in the District Court were records showing that Neil had been charged in the county court with operating a motor vehicle while under the influence of intoxicating liquor, refusal to take a preliminary breath test, and refusal to submit to a chemical test of blood or urine. These charges all relate to the same incident upon the basis of which the operator's license was revoked by the director. The record shows that the defendant pled guilty to the driving while intoxicated charge, that the other two charges were dismissed by the county court, that he was placed on probation, and that the order of probation limited his rights to operate a motor vehicle.

The District Court reversed the director's order of revocation for the reason that the revocation allegedly constituted double jeopardy because the prosecution for refusal to submit to the test had been dismissed by the county court. The District Court relies upon *State v. Knoles*, 199 Neb. 211, 256 N.W.2d 873 (1977).

The ruling and order of the District Court was erroneous. The order of the District Court is reversed and the order of the director reinstated.

The same motor vehicle operation may give rise to two separate and distinct proceedings. One is a civil and administrative licensing procedure instituted by the Director of Motor Vehicles to determine whether a person's privilege to drive is revoked. The other is a criminal action instituted in the appropriate court to determine whether a crime has been committed. Each action proceeds independently of the other and the outcome of one action is of no consequence to the other. *Ziemba v. Johns*, 183 Neb. 644, 163 N.W.2d 780 (1968). Acquittal on a criminal charge is not a bar to a civil action by the government, remedial in nature, arising

out of the same facts on which the criminal proceeding was based. *Helvering v. Mitchell*, 303 U.S. 391, 58 S. Ct. 630, 82 L. Ed. 917 (1938); *Atkinson v. Parsekian*, 37 N.J. 143, 179 A.2d 732 (1962). See, also, *State v. Amick*, 173 Neb. 770, 114 N.W.2d 893 (1962). The case of *State v. Knoles, supra*, is patently not applicable.

REVERSED AND REMANDED WITH DIRECTIONS TO REINSTATE THE ORDER OF THE DIRECTOR.