JOE S. RAYMOND, APPELLANT, V. DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLEE.

366 N.W.2d 758

Filed May 3, 1985.   No. 84-458.

Richard Douglas McClain, for appellant.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellee.

KRIVOSHA, C.J., WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

HASTINGS, J.

The petitioner, Joe S. Raymond, has appealed from an order of the district court which affirmed the order of the Department of Motor Vehicles revoking his license for a period of 1 year for failure to provide an adequate breath sample for an Intoxilyzer test.

He assigns as errors that (1) the trial court failed to recognize and apply the defense of double jeopardy and res judicata; (2) the court held that petitioner violated the test refusal law on the first attempt, whereas the officer did not arrest him until the fifth failure; and (3) there was no probable cause for the arresting officer to believe that petitioner was driving under the influence so as to permit the request of an Intoxilyzer test. We affirm.

Raymond was stopped on Interstate 180 after the arresting officer clocked him driving 60 m.p.h. in a 55 m.p.h. zone and observed him driving without taillights and allowing the car to drift to the shoulder and back to the center of the highway three times.

Inside the police cruiser the officer observed Raymond to manifest deliberate and unsteady actions and to have watery, bloodshot eyes and a strong odor of alcohol on his breath. A preliminary breath test was requested by the officer, but after being given four opportunities, Raymond did not give an adequate sample. Raymond was then placed under arrest for driving while intoxicated and taken to the police station.

At the station the implied consent form was read to Raymond, and he was instructed to give a breath test. The officer gave him five opportunities to furnish a sample, but Raymond failed, without any justification, to give an adequate sample. Proceedings for administrative revocation of his driver's license, as provided for by Neb. Rev. Stat. §§ 39-669.15 to 39-669.17 (Reissue 1984), then followed.

The assignments of error relating to double jeopardy and res

judicata may be considered together. There is no *competent* evidence in the record to support Raymond's claim that he was acquitted by the municipal court of failure to give a breath sample. This court can only decide issues based on the record before it. *Kleeb v. Kleeb*, 210 Neb. 637, 316 N.W.2d 583 (1982). In any event, acquittal on a criminal charge is no bar to a civil action by the government, remedial in nature, arising out of the same facts on which the criminal proceedings were based. *Neil v. Peterson*, 210 Neb. 378, 314 N.W.2d 275 (1982).

Raymond's second assignment of error seems to be that the trial court ruled that he violated the test refusal on the first attempt, whereas he was not arrested for such refusal, but for the following refusals, including the fifth, when statutorily mandated procedures, such as purging the machine each time, were not followed.

In the first place there is nothing in the record to indicate this holding by the trial court. Had it done so, such action was justified in that an officer may provide more than one opportunity to acquire a sufficient breath sample, even though only one chance is necessary. *Stender v. Sullivan*, 196 Neb. 810, 246 N.W.2d 643 (1976).

However, even if the revocation was based on the fifth attempt at a time when the machine had not been purged, that fact would not have established a reasonable excuse for Raymond to refuse to furnish the breath sample. The purging of the machine would go only to the admissibility of the test and not to the question of whether a person would be justified in refusing the test request. See *State v. Gerber*, 206 Neb. 75, 291 N.W.2d 403 (1980).

As to the final assignment of error, the testimony of the arresting officer fully supported his conclusion that he had reason to believe the petitioner was operating a vehicle while under the influence of alcohol. See Neb. Rev. Stat. § 39-669.08(2) (Reissue 1984).

The judgment of the district court was correct, and it is affirmed.

AFFIRMED.