ARUN N. BAPAT, APPELLEE, V. HOLLY JENSEN, DIRECTOR OF
THE DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF
NEBRASKA, APPELLANT.
371 N.W.2d 742

Filed August 16, 1985.    No. 84-605.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellant.

Mark M. Sipple of Luckey, Sipple, Hansen & Emerson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Holly Jensen, Director, Department of Motor Vehicles, has appealed a judgment of the district court which reversed her order of February 3, 1983, revoking plaintiff Arun N. Bapat's motor vehicle operator's license for 1 year under Neb. Rev. Stat. § 39-669.16 (Reissue 1984) for failure to submit to a chemical test to determine possible intoxication. We reverse.

On December 11, 1982, Bapat was observed by a police officer of the city of Columbus driving his automobile in an erratic manner, running onto a dividing island, and weaving noticeably. Upon stopping Bapat the officer observed him stagger and detected the odor of alcohol on his breath.

Bapat was arrested for driving while intoxicated and was transported to the police station, where an implied consent form was read to him. Bapat signed the form and circled "urine" as his choice of tests to be administered.

Bapat then went to the restroom and voided his bladder as is required for the test. During the mandatory 20-minute waiting period prior to receiving a test sample, Bapat informed the officer for the first time that he was a diabetic. He had taken insulin that day and wanted to contact an attorney prior to giving a test sample to ask what effect the medication would have on the outcome of the test. The officer told him he could not consult an attorney until after the test sample was given. Bapat refused to take the test. He was told he was required to submit to the test, but Bapat still refused. He was then cited for test refusal.

On appeal the State assigns four errors, all of which turn on whether Bapat's refusal to submit to a body fluids test was reasonable under the circumstances.

Neb. Rev. Stat. § 39-669.08(2) (Reissue 1984) establishes that a body fluids test may be required whenever a law enforcement officer has reasonable grounds to believe the operator of a motor vehicle was driving while under the influence of alcohol. If such reasonable grounds exist, as they clearly do in this case, a licensee may be cited for test refusal where his conduct leads a reasonable person in the officer's position to believe that the licensee is capable of refusing and manifests an unwillingness to submit to the test. *Wohlgemuth v. Pearson*, 204 Neb. 687, 285 N.W.2d 102 (1979).

On appeal from a license revocation the burden is on the licensee to prove by a preponderance of the evidence that his refusal was reasonable under the circumstances. *Wohlgemuth, supra*. See, *Hoyle v. Peterson*, 216 Neb. 253, 343 N.W.2d 730 (1984); *Prucha v. Department of Motor Vehicles*, 172 Neb. 415, 110 N.W.2d 75 (1961); § 39-669.16. Justifiable refusal depends

upon some illegal or unreasonable aspect in the nature of the request to submit, the test itself, or both. *Hoyle, supra.*

Here, there was nothing illegal about the nature of the request made by the arresting officer. All procedures were complied with, and the licensee himself chose the type of test to be administered. The arresting officer's denial of Bapat's request to contact an attorney prior to taking the test does not amount to an illegal act.

Nebraska law does not sanction a conditional refusal. A conditional refusal is a refusal under Nebraska's implied consent law. *Hoyle, supra*; *Winter v. Peterson*, 208 Neb. 785, 305 N.W.2d 803 (1981). Further, there is no right to contact an attorney prior to giving a sample for a body fluids test. *Hoyle, supra*; *Stevenson v. Sullivan*, 190 Neb. 295, 207 N.W.2d 680 (1973); *Wiseman v. Sullivan*, 190 Neb. 724, 211 N.W.2d 906 (1973).

> A refusal to grant a motorist's request to contact an attorney before consenting to a test under the Nebraska implied consent law affords no reasonable ground for refusing to submit to the test. [Citations omitted.] A driver is not entitled to consult with a lawyer before taking a test, nor is the test required to be delayed by a driver's request that he be permitted to contact a lawyer concerning the test requested by the arresting officer.

*Hoyle* at 257, 343 N.W.2d at 733.

This is because the suspension of a driver's license which results from a test refusal is a remedial, not strictly punitive, measure. *Neil v. Peterson*, 210 Neb. 378, 314 N.W.2d 275 (1982). The right to counsel attaches at such time as criminal proceedings are initiated. *Kirby v. Illinois*, 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411 (1972).

Further, a refusal is not sanctioned on the ground that the licensee has taken medicine which he feels could affect the results of the test. *Doran v. Johns*, 186 Neb. 321, 182 N.W.2d 900 (1971). The effect medication has on the outcome of a body fluids test may affect its admissibility or credibility as evidence of intoxication, but does not go to the question of whether a person is justified in refusing to take the test. *Raymond v. Department of Motor Vehicles*, 219 Neb. 821, 366 N.W.2d 758

(1985).

As the law is clear that neither a request to contact an attorney nor the effect of medication on the outcome of a chemical test forms a reasonable ground for refusing to take the test, the judgment of the district court declaring the revocation order of the Director of Motor Vehicles void and unenforceable is clearly wrong and is reversed.

REVERSED.

WHITE, J., dissenting.

The evidence is conclusive that a 20-minute delay was required between voiding and the taking of the urine sample. I therefore adhere to the position taken in my dissent in *Hoyle v. Peterson*, 216 Neb. 253, 343 N.W.2d 730 (1984). There was no inconvenience to the authorities in allowing the appellee to contact a lawyer and no threat to the reliability and accuracy of the test. If it is maintained that mere conversation or presence of a lawyer during the time a test is requested inhibits the functions of a police department, the suspicion grows that in the prudent exercise of our constitutional duties we should require no less.

BOSLAUGH, J., joins in this dissent.