**Salem**

REGINALD HEBERT QUINN

v.

COMMONWEALTH OF VIRGINIA

No. 0975-88-3

Decided January 16, 1990

322

COUNSEL

William G. Davis (Karen McCutcheon Davis, Davis, Ruff & Mc-Cutcheon, on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J.—Reginald Hubert Quinn was convicted of refusing to permit the taking of samples of either his blood or breath in violation of the Virginia implied consent law, Code § 18.2-268(B) and (T). At trial, Quinn attempted to call two witnesses who would have testified that he appeared to be sober and operated his vehicle proficiently just before he was involved in the accident that resulted in the charge of driving while intoxicated. The trial court refused to admit this testimony, ruling that evidence concerning his sobriety was immaterial on the issue whether refusal of the blood or breath test was reasonable. Quinn contends that such evidence was admissible under Code § 18.2-268(X), which provides that guilt or innocence shall be determined from "all the evidence concerning his condition at the time of the alleged offense." We hold that the trial court ruled correctly and we affirm the

conviction.

■ Code § 18.2-268(B) provides that a person charged with driving on the public highways while under the influence of drugs or intoxicants impliedly consents to the taking of a blood or breath sample for chemical analysis and shall be guilty of an offense for refusing to submit to having a sample taken, unless the refusal is reasonable. Code § 18.2-268(S). Trial courts must admit evidence which is material and relevant to prove or disprove an element of an offense or an affirmative defense, unless the evidence is not competent or is otherwise excluded by statute or rule of law. C. Friend, *The Law of Evidence in Virginia* §§ 134-35 (2d ed. 1983). Quinn contends that evidence of his apparent state of sobriety and of his proficiency in operating the vehicle just before the accident were material to establish that his refusal was reasonable. Moreover, he argues not only was the evidence admissible under fundamental rules of evidence, but Code § 18.2-268(X) expressly provides that "*all* the evidence concerning *his condition* at the time of the alleged offense" shall be admissible (emphasis added).

■ We first address the questions of relevance and materiality. We agree that Quinn's evidence tended to prove the reason why he refused to take the test. But whether Quinn's reason for refusing the test was adequate, i.e., reasonable, depends, not upon his subjective reason, but rather upon whether his explanation for refusing the test constituted a legally cognizable reason for doing so. That determination depends largely upon the purpose of the test. Quinn's explanation is material, and thus admissible, only if his proffered reason for refusing the test constitutes a reasonable basis for doing so.

■ Quinn argues that a sober person who believes he or she has been wrongfully charged with driving while intoxicated may reasonably refuse to submit to a blood or breath test because the charge and arrest are an affront to his or her sobriety; therefore, he argues the factfinder should have the right to consider the driver's apparent state of sobriety. We reject this argument. We hold that it is not reasonable to refuse to take a blood or breath test which is designed for the very purpose of determining a driver's state of sobriety—and which the driver is deemed to have impliedly consented to take, Code § 18.2-268(B)—on the ground that the driver believes that the test is unwarranted.

■ The purpose of the implied consent law requiring the test to be taken is to determine the concentration of alcohol in a driver's blood or breath sample, and thereby determine the driver's state of intoxication or sobriety. Whether Quinn was sober or intoxicated, in fact, was the material issue in the separate DUI charge. A driver's state of intoxication or sobriety is the question to be determined by the blood or breath tests, not a reason for refusing. *See Steinbrenner v. Commissioner of Public Safety*, 413 N.W.2d 557 (Minn. Ct. App. 1987) (post-driving consumption of alcohol is affirmative defense to DUI but may not be raised as a basis for a reasonable refusal); *see also Hoyle v. Peterson*, 216 Neb. 253, 343 N.W.2d 730 (1984) (attorney's advice not to take test is not a basis for reasonable refusal).

■ It is unnecessary in this case for us to address fully the nature of the reasons that would constitute a reasonable basis for refusing the test. *See generally* Annot. 88 A.L.R.2d 1064 (1978). Previously, however, we have held that failure of the government to provide the statutorily contemplated means of testing could, under some circumstances, constitute a defense. *See Driver v. Commonwealth*, 6 Va. App. 583, 371 S.E.2d 27 (1988). We hold that a driver's subjective belief that he was not under the influence of alcohol is not a reasonable basis for refusing the test, nor is the fact that he could and did operate his vehicle in a proficient manner. Thus, evidence of his state of sobriety or proficiency in operating the vehicle is not admissible in a case involving refusal to take a blood or breath test. *See Raymond v. Department of Motor Vehicles*, 219 Neb. 821, 366 N.W.2d 758 (1985) (holding that officer's failure to purge the breath machine as mandated by statute would go only to the admissibility of the results and not whether a person "would be justified in refusing the test").

■ Quinn's reliance on Code § 18.2-268(X) [then Code § 18.2-268(r)], which provides that a defendant may be able to introduce "all the evidence concerning his condition at the time of the alleged offense," is without merit. This section applies to a charge for driving while under the influence of alcohol or drugs and not to a charge for refusal to provide a blood or breath sample. *See Brooks v. City of Newport News*, 224 Va. 311, 315-16, 295 S.E.2d 801, 803-04 (1982). Evidence of a person's condition which is material to a driving under the influence charge is immaterial to the disposition of a refusal case. *See City of Virginia*

*Beach v. Reneau*, 217 Va. 867, 868, 234 S.E.2d 241, 242 (1977). Accordingly, we hold that the trial court properly refused Quinn's proffered evidence and we affirm the conviction.

*Affirmed.*

Baker, J., and Moon, J., concurred.