## Alexandria

FREDERICK J. HAMMOND

v.

COMMONWEALTH OF VIRGINIA

No. 1583-91-4

Decided May 11, 1993

COUNSEL

John E. Carter, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**MOON, C.J.***—Frederick J. Hammond, appellant, seeks reversal of his driving under the influence (DUI) conviction on the grounds that the trial judge refused to admit in evidence (1) that appellant requested a breath test that was not administered, and (2) that appellant was acquitted of refusal to take a blood test. Because evidence of the request and the acquittal were not relevant, we affirm.

On January 30, 1991, shortly after midnight, Trooper Stinson of the Virginia State Police observed the appellant's car pass through the stationary radar that Stinson was operating. Appellant was traveling at seventy-three miles per hour in a fifty-five miles per hour zone. The car crossed the broken white line. When Stinson attempted to stop the car, appellant was slow to pull over, and activated the turn signal only after he was on the shoulder of the road. The appellant had trouble locating his operator's license and he "sort of staggered" out of the car. Appellant performed some field sobriety tests. He stated he had two beers and one glass of wine. Stinson placed the appellant under arrest for driving while under the influence.

After the implied consent law was explained to him, the appellant chose to take a breath test. The operator of the testing equipment insisted that the appellant take a blood test. However, the appellant continued to insist on taking a breath test. Neither test was administered and the appellant was thereafter arrested for refusal to submit to a blood test. At the trial for the DUI offense and the blood test refusal in

---

\* When the case was argued, Judge Koontz presided. Judge Moon was elected Chief Judge effective May 1, 1993.

the Fairfax General District Court, the appellant was found guilty of DUI but not guilty of the refusal. Appellant appealed the DUI conviction to the Fairfax Circuit Court.

At the circuit court trial for DUI, appellant's counsel attempted to introduce into evidence that appellant requested to take the breath test. The trial court sustained the Commonwealth's objection, relying on Code § 18.2-268.10. The Commonwealth argues that Code § 18.2-268.10 prohibited the admission by the appellant of the evidence concerning the request to take a breath test. We agree with the appellant's contention that that section only prohibits the Commonwealth, not the accused, from commenting on the failure of the accused to take a blood or breath test, except in rebuttal. The pertinent part of Code § 18.2-268.10 provides:

> The failure of an accused to permit a blood or breath sample to be taken to determine the alcohol or drug content of his blood is not evidence and shall not be subject to comment by the Commonwealth at the trial of the case, except in rebuttal; nor shall the fact that a blood or breath test had been offered the accused be evidence or the subject of comment by the Commonwealth, except in rebuttal.

We conclude that Code § 18.2-268.10 does not prohibit the accused from offering evidence of the willingness to take a blood or breath test. However, notwithstanding our interpretation of Code § 18.2-268.10, the evidence offered by the accused surrounding the administration of the breath or blood test must be relevant in order to be admissible.

In *Farmer v. Commonwealth*, 12 Va. App. 337, 404 S.E.2d 371 (1991) (en banc), relied upon by the appellant, we upheld a conviction in which the Commonwealth had been allowed to introduce evidence that a defendant had refused to submit to a field sobriety test. We held that where it was otherwise relevant, admission of evidence of such refusal did not violate the defendant's Fifth Amendment privilege against self-incrimination.

Appellant argues no distinction can be drawn between field sobriety tests and a breath test. Therefore, according to appellant, if evidence of a refusal to take a field sobriety test is relevant as evidence of guilt, evidence of a request to take a breath test should be equally relevant as evidence of innocence. We disagree.

■ A field sobriety test is not mandatory. It is a test administered by an officer only with the consent of the accused. It provides some immediate indication of whether the accused is guilty or not guilty of the offense. If a defendant refuses to take the test, the refusal may be evidence of guilt. *Farmer*, 12 Va. App. at 341, 404 S.E.2d at 373. Similarly, we will assume, as appellant argues, that if a defendant readily volunteers to take a field sobriety test, the willingness may be relevant to prove innocence. In either event, the holding of *Farmer* is that evidence of the accused's refusal to take the test or his actions in voluntarily performing the *non*-required field sobriety test may be relevant to prove the accused's guilt or innocence.

A blood or breath test is not a voluntary test, as is the field sobriety test considered in *Farmer*. Upon being arrested for DUI, one is required to take the blood or breath test or suffer additional consequences. Code § 18.2-268.2. Thus, the agreement to take the blood and breath test, as opposed to suffering the consequences of taking neither, does not carry with it the same indicia of being forthcoming as does the willingness to take a voluntary field sobriety test. For this reason, we hold that *Farmer* does not control our decision. Thus, the request to take the breath test under these circumstances shows nothing about appellant's innocence. Therefore, the evidence is not relevant.

■ Whether evidence is relevant is usually left to the sound discretion of the trial judge. *Blain v. Commonwealth*, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Because we here concluded that the evidence of the request for a breath test was not relevant, we hold that the trial court did not err.

Although our reason for holding that the evidence is inadmissible is different from the trial judge's reason, the judgment must be affirmed. *See Thims v. Commonwealth*, 218 Va. 85, 93, 235 S.E.2d 443, 447 (1977).

■ Appellant also argues that his acquittal on the charge of refusal to take the blood test should have been admitted in evidence at the DUI trial. We disagree. "[A] driving under the influence trial and a refusal trial are independent proceedings, and 'the outcome of one is of no consequence to the other.' " *City of Virginia Beach v. Reneau*, 217 Va. 867, 868, 234 S.E.2d 241, 242 (1977) (per curiam).

We hold that the trial court did not err in refusing to admit the evidence of the appellant's request to take a breath test or in refusing to admit evidence of appellant's acquittal on the refusal charge. Therefore, the judgment is affirmed.

*Affirmed.*

Barrow, J., concurred.

Koontz, J., concurring in part and dissenting in part.

Well established principles guide the resolution of the issues raised by this appeal. "Trial courts must admit evidence which is material and relevant to prove or disprove an element of an offense or an affirmative defense, unless the evidence is not competent or is otherwise excluded by statute or rule of law." *Quinn v. Commonwealth*, 9 Va. App. 321, 323, 388 S.E.2d 268, 270 (1990) (citing Charles E. Friend, *The Law of Evidence in Virginia* §§ 134-35 (2d ed. 1983)). Evidence is relevant if it tends to establish the proposition for which it is offered and is material if it relates to a matter at issue. *See Evans-Smith v. Commonwealth*, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987).

Applying these principles to the present case, I concur with the majority's holding that evidence of Hammond's acquittal on the charge of refusal to take a blood test was properly excluded at his subsequent DUI trial. Apparently, Hammond was acquitted on the refusal charge because he was able to establish he had a legally cognizable reason for refusing to take the blood test. Such a reason negates the charge of unreasonable refusal to take the test. Code § 18.2-268.3.

However, the fact of acquittal on the refusal charge is neither relevant nor material to the DUI charge. The acquittal does not tend to establish that Hammond was not guilty of the DUI charge. Evidence of his state of sobriety was not admissible in the refusal trial because such evidence was not material to the disposition of the refusal charge. *See Quinn*, 9 Va. App. at 324, 388 S.E.2d at 270. Conversely, at the DUI trial, the fact that Hammond had a legally cognizable reason for refusing to take the blood test does not tend to establish that he was not under the influence of alcohol at the time he drove his vehicle, nor is a reasonable refusal a matter at issue in the DUI trial.

In my view, however, the admissibility at the DUI trial of the evidence that Hammond requested to take the breath test is another matter. The majority correctly concludes that "Code § 18.2-268.10 does

not prohibit the accused from offering evidence of the willingness to take a blood or breath test.'' The language of this statute dictates that conclusion. Moreover, this case does not involve the ''failure of an accused to permit [a breath] sample to be taken to determine the alcohol . . . content of his blood,'' which is inadmissible at the DUI trial except as rebuttal under Code § 18.2-268.10. Hammond requested the breath test; he did not refuse it. Consequently, the admissibility of the evidence of Hammond's request to take the breath test must be determined on general principles of relevancy and materiality.

The majority is willing to ''assume'' that evidence of the willingness to take a field sobriety test may be relevant to prove innocence in a DUI trial, but finds no similar relevance to a willingness to take a blood or breath test. The controlling distinction perceived by the majority is that the field sobriety test is voluntary and the breath or blood test is not. Upon that distinction, the majority concludes that the request or willingness to take the blood or breath test ''does not carry with it the same indicia of being forthcoming as does the willingness to take a voluntary field sobriety test.'' This may be so, but at best such a conclusion bespeaks only of the weight to be given to such evidence and not to its admissibility. Nevertheless, my primary disagreement with the reasoning of the majority is with its further conclusion that ''the request to take the breath test under the circumstances *shows nothing* about [Hammond's] innocence. Therefore the evidence is not relevant.'' (emphasis added).

In my view, on the facts of this case, the evidence that Hammond requested to take a breath test was both relevant and material. The issue to be resolved at Hammond's DUI trial was his state of sobriety at the time he operated his motor vehicle. *See generally Davis v. Commonwealth*, 8 Va. App. 291, 381 S.E.2d 11 (1989). Here, no chemical tests established the state of his sobriety. Consequently, as the Commonwealth correctly asserts, Hammond's state of sobriety had to be decided by consideration of the totality of the circumstances surrounding his conduct, including whether his objective symptoms reflected that he had consumed enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior as to be apparent to observation. *See Brooks v. City of Newport News*, 224 Va. 311, 315-16, 295 S.E.2d 801, 804 (1982); Code §.4-2. Thus, the admissibility of Hammond's request to take a breath test must be determined in this context and not in a vacuum.

The Commonwealth offered evidence of objective facts to establish Hammond's state of sobriety, including the results of some field sobriety tests and his admission that he had consumed two beers and one glass of wine. Evidence that Hammond requested a breath test was no less an objective fact. Although the Commonwealth asserts that it was no more than a reflection of Hammond's subjective assessment of his sobriety, in the factual context of this case it also was an objective fact that has at least some tendency to establish the proposition for which it was offered. Hammond reasonably contends that his conduct in making the request was consistent with his assertion that he was not under the influence of the alcohol he had consumed. Although the inference he asked the trier of fact to draw is debatable and, perhaps, of only slight probative value, such does not render it irrelevant. *See Jenkins v. Winchester Dep't of Social Servs.*, 12 Va. App. 1178, 1186, 409 S.E.2d 16, 21 (1991) ("Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue"). Hammond's conduct in requesting a chemical test to establish the alcoholic context of his blood is conduct consistent with innocence, and, if accepted for that purpose by the trier of fact, tends to rebut the Commonwealth's evidence that he was under the influence of alcohol. Because whether Hammond was under the influence of the alcohol he admittedly had consumed was the only matter at issue at the DUI trial, the evidence of his request to take a breath test was also material.

For these reasons, I respectfully dissent. In my view it was error to exclude the evidence of Hammond's request to take the breath test. Because that error was not harmless, I would reverse Hammond's conviction and remand for a new trial if the Commonwealth be so advised.[1]

---

[1] I am compelled to note that on similar facts an accused in Hammond's position necessarily runs the risk of winning the battle but losing the war. Hammond requested the breath test but refused the blood test. Thus, Code § 18.2-268.10 would permit the Commonwealth to introduce in rebuttal evidence of the refusal to take the blood test.