## Richmond

FREDERICK J. HAMMOND

v.

COMMONWEALTH OF VIRGINIA

No. 1583-91-4

Decided January 25, 1994

COUNSEL

John E. Carter, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

## UPON A REHEARING EN BANC

OPINION

**MOON, C.J.**—We granted a rehearing *en banc* to Frederick J. Hammond, appellant, after a panel of this Court affirmed his conviction of driving under the influence. *Hammond v. Commonwealth,* 16 Va. App. 347, 429 S.E.2d 631 (1993). Appellant contends that the trial judge erred in refusing to admit in evidence (1) that appellant requested a breath test that was not administered, and (2) that appellant was acquitted of refusal to take a blood test. Because evidence of the request and the acquittal were not relevant, we affirm.

On January 30, 1991, shortly after midnight, Trooper Stinson of the Virginia State Police observed the appellant's car pass through the stationary radar that Stinson was operating. Appellant was traveling at seventy-three miles per hour in a fifty-five miles per hour zone. Trooper Stinson also observed that Hammond's car had crossed the broken white line on the road. When Stinson attempted to stop the car, appellant was slow to pull over and activated the turn signal only after he was on the shoulder of the road. The appellant had trouble locating his operator's license, and he "sort of staggered" out of the car. Appellant performed field sobriety tests and stated that he had consumed two beers and one glass of wine. Stinson placed the appellant under arrest for driving while under the influence.

After the implied consent law was explained to him, the appellant chose to take a breath test. The operator of the testing equipment insisted that the appellant take a blood test. However, the appellant continued to insist on taking a breath test. Neither test was administered and the appellant was thereafter arrested for refusal to submit to a

blood test.[1] Appellant was tried for the DUI offense and the blood test refusal in the Fairfax County General District Court. He was found guilty of DUI but not guilty of the refusal charge. Appellant appealed the DUI conviction to the Fairfax County Circuit Court.

At the circuit court trial for DUI, appellant's counsel attempted to introduce into evidence appellant's request to take the breath test at the time he was stopped. The trial court sustained the Commonwealth's objection, relying on Code § 18.2-268.10.[2] The Commonwealth argues that Code § 18.2-268.10 prohibited the admission by the appellant of the evidence concerning the request to take a breath test.

■ We agree with the appellant's contention that Code § 18.2-268.10 only prohibits the Commonwealth, not the accused, from commenting on the failure of the accused to take a blood or breath test, except in rebuttal. Furthermore, we conclude that Code § 18.2-268.10 does not prohibit the accused from offering evidence of the willingness to take a blood or breath test. However, notwithstanding our interpretation of Code § 18.2-268.10, the evidence offered by the accused surrounding the administration of the breath or blood test must be relevant in order to be admissible.

■ In *Farmer v. Commonwealth,* 12 Va. App. 337, 404 S.E.2d 371 (1991) *(en banc)*, relied upon by the appellant, we upheld a conviction in which the Commonwealth had been allowed to introduce evidence that a defendant had refused to submit to a field sobriety test. We held that where it was otherwise relevant, admission of evidence of such refusal did not violate the defendant's Fifth Amendment privilege against self-incrimination.

Appellant argues that no distinction can be drawn between field sobriety tests and a breath test. Therefore, according to appellant, if evidence of a refusal to take a field sobriety test is relevant as evidence of guilt, evidence of a request to take a breath test should be equally relevant as evidence of innocence. We disagree.

---

[1] The record does not show if a breath test was reasonably available. The issue was not raised in the trial court or on appeal.

[2] The pertinent part of Code § 18.2-268.10 provides:

The failure of an accused to permit a blood or breath sample to be taken to determine the alcohol or drug content of his blood is not evidence and shall not be subject to comment by the Commonwealth at the trial of the case, except in rebuttal; nor shall the fact that a blood or breath test had been offered the accused be evidence or the subject of comment by the Commonwealth, except in rebuttal.

A field sobriety test is not mandatory and is administered by an officer only with the consent of the accused. The test provides an immediate indication of whether probable cause exists to believe that the accused is under the influence. If a defendant refuses to take the test, that refusal may be evidence of guilt. *Farmer,* 12 Va. App. at 341, 404 S.E.2d at 373. Similarly, we assume *arguendo* that if a defendant readily volunteers to take a field sobriety test, the willingness may be relevant to prove innocence. *Farmer* held only that evidence of the accused's refusal to take the test or his actions in voluntarily performing the *non-*required field sobriety test may be relevant to prove the accused's guilt or innocence.

■ Unlike the field sobriety test considered in *Farmer,* a blood or breath test is not a voluntary test. Upon being arrested for DUI, one is required either to take the blood or breath test or suffer additional consequences. Code § 18.2-268.2. Thus, the agreement to take the blood or breath test, as opposed to suffering the consequences of taking neither, does not carry with it the same indicia of belief in one's innocence as does the willingness to take a voluntary field sobriety test. For this reason, we hold that *Farmer* does not control our decision. The request to take the breath test under these circumstances proves nothing about appellant's guilt or innocence. Therefore, the evidence is not relevant, and thus the trial court did not err in refusing to admit it.

Although our reason for holding that the evidence is inadmissible is different from that of the trial judge, the judgment must be affirmed. *See Thims v. Commonwealth,* 218 Va. 85, 93, 235 S.E.2d 443, 447 (1977).

■ Appellant also argues that his acquittal on the charge of refusal to take the blood test should have been admitted in evidence at the DUI trial. We disagree. "[A] driving under the influence trial and a refusal trial are independent proceedings, and 'the outcome of one is of no consequence to the other.' " *City of Virginia Beach v. Reneau,* 217 Va. 867, 868, 234 S.E.2d 241, 242 (1977) (per curiam).

We hold that the trial court did not err in refusing to admit the evidence of the appellant's request to take a breath test or in refusing to admit evidence of appellant's acquittal on the refusal charge. Therefore, the judgment is affirmed.

*Affirmed.*

Baker, J., Barrow, J., Coleman, J., Willis, J., Bray, J., and Fitzpatrick, J., concurred.

Koontz, J., with whom Elder, J., joins, concurring in part and dissenting in part.

For the reasons I have previously expressed, I concur with the majority's holding that evidence of Hammond's acquittal on the charge of refusal to take a breath test was properly excluded at his subsequent DUI trial. Similarly, I respectfully dissent from the majority's holding that the trial court properly excluded at trial evidence of Hammond's request to take a breath test. *See Hammond v. Commonwealth*, 16 Va. App. 347, 351, 429 S.E.2d 631, 634 (1993) (Koontz, J., concurring in part and dissenting in part).[3]

My disagreement with the majority's analysis springs primarily from the following excerpt of its current opinion:

[T]he agreement to take a blood or breath test, as opposed to suffering the consequences of taking neither, does not carry with it the same indicia of being forthcoming as does the willingness to take a voluntary field sobriety test. For this reason, we hold that *Farmer [v. Commonwealth,* 12 Va. App. 337, 404 S.E.2d 371 (1991)] does not control our decision. Thus, the request to take a breath test under these circumstances *shows nothing* about [Hammond's] guilt or innocence. Therefore, the evidence [of the request to take a breath test] is not relevant.

(Emphasis added).

In the abstract, I might agree with the majority's conclusion that the agreement to take a voluntary test carries more indicia of being forthcoming than the willingness to take a mandatory test. This conclusion, however, suggests only the relative weight to be given to such evidence; it does not support the further conclusion that the willingness to take a mandatory test "shows nothing" about an accused's *innocence* in a particular case. The relevance of evidence is not determined in the abstract or on the basis that an item of evidence is enti-

---

[3] Although not recited in the prior panel decision, the majority now states that "[t]he record does not show if a breath test was reasonably available. The issue was not raised in the trial court or on appeal." However, nothing in the record suggests that the requested breath test was not reasonably available. Accordingly, in my view, the issues presented by this appeal must be resolved on the premise that Hammond requested an available breath test. Clearly he had a choice between taking a breath or a blood test. Code § 18.2-268.2(B).

tled to be given only little weight by the fact finder. Rather, in a specific case if the evidence tends to establish the proposition for which it is offered, it is relevant. Evidence that is relevant and is material, because it relates to a matter at issue, must be admitted. *Quinn v. Commonwealth,* 9 Va. App. 321, 323, 388 S.E.2d 268, 270 (1990); *Evans-Smith v. Commonwealth,* 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987).

The issue to be resolved at Hammond's DUI trial was the state of his sobriety at the time he operated his motor vehicle. Without the benefit of results of chemical tests, that issue had to be decided by consideration of the totality of the circumstances surrounding his conduct, including whether his objective symptoms reflected that he had consumed enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior as to be apparent to observation. *See Brooks v. City of Newport News,* 224 Va. 311, 315-16, 295 S.E.2d 801, 804 (1982); Code § 4-2 (currently Code § 4.1-100).

Within the rules governing the admissibility of evidence, Hammond was entitled to pursue his defense to the DUI charge as he deemed best. After the Commonwealth offered evidence of objective facts to establish Hammond's state of sobriety, including the results of field sobriety tests, he sought to introduce evidence that he had requested a breath test. He sought to offer that evidence to show that he was not illegally under the influence of the alcohol he had admittedly consumed. The request for a breath test is conduct consistent with innocence, and if accepted by the trier of fact for that purpose, tends to rebut the Commonwealth's evidence that Hammond was under the influence of alcohol. In the factual context of this case, Hammond's request to take a breath test is an objective fact that has at least some tendency to establish the proposition for which it was offered. Thus, although the trier of fact may have afforded that evidence little probative value and may have rejected the inference that Hammond sought to be drawn from it, such does not render the evidence irrelevant.

In short, evidence that Hammond requested a breath test, in the factual context of this case, was relevant and material evidence improperly excluded at his DUI trial. The error of excluding that evidence was not harmless because the jury, in considering the totality of the circumstances, may have concluded that the Commonwealth failed to establish Hammond's guilt beyond a reasonable doubt.

For these reasons, I would reverse Hammond's conviction and remand for a new trial if the Commonwealth be so advised.