COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


CARVIN CALHOUN
                                        OPINION BY
v.   Record No. 2006-00-4           JUDGE NELSON T. OVERTON
                                        MAY 22, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 Jonathan C. Thacher, Judge

        Michael H. Cantrell for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     Carvin Calhoun, appellant, appeals his felony conviction of

driving while intoxicated, third offense within ten years, in

violation of Code §§ 18.2-266 and 18.2-270.  The issue on appeal

is whether the trial court erred by allowing the Commonwealth to

cross-examine appellant about his refusal to take the required

breath or blood test.  Finding that evidence of appellant's

refusal to take the required test constituted improper rebuttal

of appellant's testimony, the judgment of the trial court is

reversed.

                             FACTS

     Appellant stopped at a sobriety checkpoint in Fairfax

County.  Officer D.C. Decoster approached appellant's vehicle

and smelled alcohol emanating from appellant.  Decoster noticed appellant had bloodshot eyes, "disarranged" clothing, and slurred speech.  Appellant fumbled with his wallet and could not produce a driver's license.  Appellant did not respond to Decoster's inquiries about where appellant had been and whether he had consumed any alcohol.  Decoster asked appellant to exit his vehicle and perform some field sobriety tests.  Appellant failed to perform the tests to Decoster's satisfaction.  Decoster arrested appellant for driving while intoxicated, and appellant refused to submit to a blood or breath test.

Prior to trial, appellant made a motion in limine to prevent the Commonwealth from presenting evidence of appellant's refusal to take the blood or breath test.  The trial court granted the motion and limited the Commonwealth's use of evidence of appellant's refusal to "rebuttal."

At trial, appellant testified in his own behalf.  Appellant stated he had consumed one-half a glass of wine with dinner that evening, eight hours before the stop.  The trial court then allowed the Commonwealth to cross-examine appellant about his refusal to take the blood or breath test, stating that appellant's assertion that he was not intoxicated "opened the door" to evidence of his refusal.

## ANALYSIS

> "As a general rule, a litigant is entitled
> to introduce all competent, material, and
> relevant evidence tending to prove or

disprove any material issue raised, unless the evidence violates a specific rule of admissibility." "Evidence is admissible if it is both relevant and material," and it is inadmissible if it fails to satisfy either of these criteria. "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." "Evidence is material if it relates to a matter properly at issue."

Peeples v. Commonwealth, 28 Va. App. 360, 365, 504 S.E.2d 870, 873 (1998) (citations omitted).

Code § 18.2-268.10 addresses the admissibility of evidence pertaining to a person's refusal to take a blood or breath test:

The failure of an accused to permit a blood or breath sample to be taken to determine the alcohol or drug content of his blood is not evidence and shall not be subject to comment by the Commonwealth at the trial of the case, except in rebuttal; nor shall the fact that a blood or breath test had been offered the accused be evidence or the subject of comment by the Commonwealth, except in rebuttal.

This section makes such evidence immaterial, or not a proper issue, in a driving under the influence prosecution, except in the case where a defendant raises the issue. In such an instance, evidence of a refusal to take a test becomes material for rebuttal. However, evidence of the refusal must be relevant to the material issue raised by the defendant's evidence.

"[A] request to take the [mandatory] breath test . . . proves nothing about appellant's guilt or innocence." Hammond v. Commonwealth, 17 Va. App. 565, 568, 439 S.E.2d 877, 879 (1994). It follows that the refusal to take the test also has

no probative value as to guilt or innocence.  "Therefore, the evidence is not relevant[,]" id., or material, except in rebuttal when the defendant raises an issue pertaining to the offer of, or failure to take, the test.

Here, appellant stated he consumed one-half a glass of wine eight hours before the stop.  He also testified he was not intoxicated.  Therefore, the only material issue raised by appellant was the amount of alcohol consumed and whether he was intoxicated.

Rebuttal evidence is "[e]vidence offered to disprove or contradict the evidence presented by an opposing party." Black's Law Dictionary 579 (7th ed. 1999).  Evidence that appellant refused to take the test does not disprove or contradict his testimony that he was not intoxicated.  Nor does such evidence prove he consumed a greater amount of alcohol. Accordingly, evidence of appellant's refusal to take the test was not relevant to the material issue raised by his testimony. Only evidence that bears on the facts asserted in appellant's testimony would rebut that testimony.  Such evidence might have included evidence of his performance on field sobriety tests and the officer's common observations of appellant's speech and physical appearance.  The refusal itself, however, did not rebut or disprove appellant's testimony, and, therefore, was not admissible.  Merely testifying in one's own behalf does not

"open the door" to evidence of a refusal to take the mandatory breath or blood test.

For the above stated reasons, the judgment of the trial court is reversed and remanded for further proceedings should the Commonwealth be so advised.

<u>Reversed and remanded</u>.