# CIRCUIT COURT OF GREENSVILLE COUNTY

Commonwealth of Virginia

v.

Frankie Lee Squire

September 4, 2008

Case No. CL07-196

BY JUDGE W. ALLAN SHARRETT

The Commonwealth of Virginia, Petitioner, initiated this commitment proceeding against Frankie Lee Squire, Respondent, under the Civil Commitment of Sexually Violent Predators Act, Va. Code §§ 37.2-900 to 37.2-920. In response, Squire filed two motions *in limine* and a motion to dismiss, which the Court disposes of herein.

For the following reasons, all three of Respondent's motions are denied, and the case will proceed to trial as scheduled.

## I. *Summary of Facts*

On May 26, 1994, Squire was convicted of rape in Greensville County Circuit Court, and was sentenced to fifteen years, with eight years suspended. In 2004, Squire scored a one on the RRASOR actuarial test, used to determine whether a prisoner should be referred to the Commitment Review Committee (the "CRC") to assess whether civil commitment as a sexually violent predator is appropriate. His score of a one did not qualify him for review. He was subsequently released, but, in 2006, he was convicted of attempted breaking and entering, and a portion of his suspended sentence from the rape conviction was revoked. While re-incarcerated, the Director of the Department of

Corrections (the "DOC") again identified Squire as a prisoner who was incarcerated for a sexually violent offense and was scheduled for release from prison in the next ten months. In 2007, Squire scored a five or higher on the Static-99 actuarial instrument. The Director of the DOC notified the CRC on May 2, 2007, that Squire qualified for review under the Act. On July 13, 2007, the CRC completed its assessment and sent its non-binding recommendation to the Office of the Attorney General. Upon review, the Attorney General decided to pursue civil commitment of the Respondent and petitioned this Court to determine that Squire is a sexually violent predator and to civilly commit him in accordance with the Act.

## II. *Respondent's Motions*

### A. *Motion to Dismiss*

Respondent argues that he was denied his due process rights under the Fourteenth Amendment to the U.S. Constitution and Article I, § 11, of the Virginia Constitution, in violation of § 1-239 of the Code of Virginia. The Court denies Respondent's motion to dismiss.

#### 1. *Respondent's Substantive Right to Liberty Argument*

Respondent claims his right to due process was violated by the alleged retroactive application of a statute that adversely affects a substantive right. Squire contends that the General Assembly's July 1, 2006, amendment to what is now Va. Code § 37.2-903, changing the triggering test for commitment under the Act from the RRASOR to the Static-99, adversely affected his substantive, vested right to his liberty which accrued when the DOC released him after a score of one on the RRASOR in 2004. He contends that the law required a review of his RRASOR score, rather than his Static-99 score.

" '[S]ubstantive' rights . . . are included within those interests protected from retroactive application of statutes. . . . [Substantive rights deal] with creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." *Shiflet v. Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 753-54 (1984). Without a doubt, the right to liberty is a substantive right; however, Respondent essentially asks the Court to hold that, because he did not meet the minimum threshold test in 2004 (that is, he received a one on the RRASOR) to be sent to the Commitment Review Committee for assessment, he could

never be evaluated again, even if he committed another crime. Squire did commit another crime. After his 2004 release, Squire was arrested and convicted for attempted breaking and entering in 2006, which led the court to revoke six years of his suspended sentence from the rape conviction and re-suspend five of those years. This incarceration led Squire to be eligible once again for review and assessment. Thus, Squire has no substantive right to liberty based on his score of one on the RRASOR in 2004, and the Court denies his motion to dismiss on that ground.

### 2. Respondent's Argument That the Static-99 Is Not a Comparable Test to the RRASOR

In 2004, Va. Code § 37.1-70.4 stated that the prisoner either had to score a four or more on the RRASOR or a like score on a comparable, scientifically validated instrument. In 2006, Va. Code § 37.2-903 substituted "five or more on the Static-99" for "four or more on the [RRASOR]." Squire argues that the Static-99 score he received in 2007 is not a like score, nor is the Static-99 a comparable, scientifically validated instrument to the RRASOR. He alleges that, because the Static-99 is not a comparable instrument to the RRASOR, he could not have been evaluated under the Static-99 in 2004, thus making use of the Static-99 in 2007 an *ex post facto* application of the 2006 amendment.

Respondent makes three separate arguments within his broad argument that the Static-99 is not a comparable test to the RRASOR. First, Respondent claims that, if the Static-99 were a comparable, scientifically validated instrument, then no amendment would be needed, and, therefore, the General Assembly would have accomplished nothing by its amendment. Squire makes this argument in light of the idea that an amendment to a statute should always be construed to mean something rather than nothing. *Southern Ry. v. United States Cas. Co.*, 136 Va. 475, 483, 118 S.E. 266, 269 (1923). However, by naming the RRASOR in the pre-2006 statute, the General Assembly merely stated a preference for use of that test. It did not rule out the use of other tests. In 2006, the General Assembly elected to name the Static-99 as the preferred test, again not ruling out the use of other tests. If the Court were to follow the Respondent's reasoning, then effectively it would be ruling that the General Assembly could never change its preferences. Thus, this argument is not a valid ground on which to grant Respondent's motion to dismiss.

Second, Respondent alleges that the Static-99 is not a comparable, scientifically validated instrument to the RRASOR because it is a combination of the RRASOR and a different risk assessment instrument. Thus, it was not

appropriate for Squire to have been evaluated in 2007 under the Static-99. The RRASOR involved a simplistic four-part test: (1) number of prior sex offenses, not including index offense; (2) age at release; (3) victim gender; and (4) relationship to the victim. All four of these elements are included in the ten-part Static-99. The additional six parts of the Static-99 involve other predictive measures, such as prior non-sexual violence convictions, whether the prisoner has ever lived with a lover for at least two years, and any sexual victims who were strangers.

The Static-99 could not possibly be more comparable to the RRASOR. It subsumes the RRASOR, including all four of the RRASOR's tests, and then supplements it, based on research that developed subsequent to the creation of the RRASOR. If the Court were to rule that the Static-99 is not comparable to the RRASOR and could not be used, effectively it would be ruling that science and psychology are not able to undergo further development, testing, and advancements.

The Court gives weight to testimony from the Circuit Court of the City of Richmond in *Commonwealth v. Broadie*, Case Number CL06-4793-3 (6/26/07).[1] In *Broadie*, the witness testified that the Static-99 is a comparable test to the RRASOR, that it is a revision of the RRASOR developed by the same author, and that the Static-99 extends the concept and revises it based on research. Broadie was tested under the Static-99 on May 3, 2006, before the statute changed on July 1, 2006, to reflect preference for the Static-99. The court held that the Commonwealth met its burden in proving that the Static-99 was a comparable test to the RRASOR and thus was an appropriate method of evaluation of the prisoner, even though it was conducted before it was specifically named and authorized in the statute. This Court finds *Broadie* to be persuasive authority in the instant case.

Third, Squire claims that the tests cannot be comparable because the scores are not alike. Squire received a one on the RRASOR in 2004 but somewhere in the range of five to seven on the Static-99. Under the RRASOR in 2004, he did not meet the threshold requirement to be sent to the CRC for assessment, whereas under the Static-99 in 2007, he did meet the threshold requirement. The Court believes that this difference is not the result of tests that are not comparable; rather, the different result is attributable to a further developed and more accurate test and his own negative actions.

For these reasons, the Court denies Respondent's motion to dismiss.

---

[1] This case is reported below at page 476. [Reporter's Note]

B. *Motion in Limine; Test Results and Scientific Reliability of Tests*

The Court denies Respondent's motion *in limine* to prohibit the Commonwealth from referencing any results from tests administered to Squire. Specifically, Respondent moves this Court to prohibit the Commonwealth and their witnesses from making any reference to, giving any opinion based on, or introducing any evidence regarding any of the test results which were administered to Squire, unless the Commonwealth can show they are scientifically reliable methods of predicting whether or not a person will recidivate. While not specifically stated in the motion *in limine*, the Court presumes that Respondent is referring to Squire's RRASOR and Static-99 test results.

The Court agrees with the Commonwealth that these actuarial risk assessment instruments are not scientific evidence of the kind which requires a threshold finding of reliability by the court, as required under *Spencer v. Commonwealth*, 240 Va. 78, 393 S.E.2d 609 (1990). The *Spencer* Court held that, "[w]hen scientific evidence is offered, the court must make a threshold finding of fact with respect to the reliability of the scientific method offered. . . ." *Id.* at 97, 393 S.E.2d at 621. Scientific evidence includes DNA and fingerprints, not predictive sociological and psychological tests and tables. It is this Court's opinion that actuarial risk assessments, such as the RRASOR and the Static-99, are not scientific evidence requiring the Court to make a threshold finding of fact with respect to their reliability.

However, even if the Court did believe that these tests constituted scientific evidence, it is apparent that the test results would still be admissible. *Spencer* addressed concerns about admitting unreliable scientific evidence to juries. In the instant case, a jury is of no concern.

> Even where the issue of scientific reliability is disputed, if the court determines that there is a sufficient foundation to warrant admission of the evidence, the court may, in its discretion, admit the evidence with appropriate instructions to the jury to consider the disputed reliability of the evidence in determining its credibility and weight. . . . Wide discretion must be vested in the trial court to determine, when unfamiliar scientific evidence is offered, whether the evidence is so inherently unreliable that a lay jury must be shielded from it or whether it is of such character that the jury may safely be left to determine credibility for itself.

*Id.* at 97-98, 393 S.E.2d at 621.

Absent the concerns surrounding a jury and in light of the wide discretion vested in the trial court, the Court sees no problem under *Spencer*. The Court is confident in its ability to distinguish between "junk" science and actual science and that it will not be misled. Any unreliability of the test results will be reflected in the weight given to them by the Court.

## C. *Motion in Limine; The 1990 Rape Charge and Convictions of Non-Sexual Crimes*

Likewise, the Court denies Respondent's motion *in limine* to prohibit the Commonwealth from referencing or introducing evidence of Squire's dismissed rape charge from 1990 and any conviction not of a sexual nature.

Respondent alleges that such evidence is irrelevant and immaterial to the instant matter, that is, a proceeding to commit Squire as a sexually violent predator. However, Respondent stops short in defining "sexually violent predator" in his motion, failing to quote subsection (ii). A sexually violent predator not only is any person who "(i) has been convicted of a sexually violent offense or has been charged with a sexually violent offense and is unrestorably incompetent to stand trial," as Respondent states, but also is any person who "(ii) because of a mental abnormality or personality disorder, finds it difficult to control his predatory behavior, which makes him likely to engage in sexually violent acts." Va. Code § 37.2-900.

The dismissed rape charge against Squire from 1990 and his non-sexual criminal convictions are both material and relevant in determining whether Squire is a sexually violent predator under the second prong of the definition. It is not only the facts of the dismissed rape charge and the non-sexual criminal convictions that are considered, but also the facts and circumstances surrounding those events. " 'Evidence is admissible if it is both relevant and material,' and it is inadmissible if it fails to satisfy either of these criteria. 'Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case.' 'Evidence is material if it relates to a matter *properly* at issue'." *Calhoun v. Commonwealth*, 35 Va. App. 506, 509, 546 S.E.2d 239, 241 (2001) (citations omitted). Evidence of Squire's dismissed rape charge, his non-sexual criminal convictions, and their respective surrounding facts and circumstances is relevant because it may establish that Squire finds it difficult to control his predatory behavior due to a mental abnormality or personality disorder. Such evidence is material because it relates to his classification as a sexually violent predator, an essential step in

the Court's determining whether civil commitment is appropriate under Va. Code § 37.2-908. Therefore, the evidence is admissible and the Court bears the burden of deciding what weight to give it.

Having determined that evidence of the dismissed rape charge and non-sexual criminal convictions are relevant and material to Squire's civil commitment proceeding, Respondent's motion *in limine* is denied.

### III. *Conclusion*

For the foregoing reasons, Respondent's motion to dismiss and motions *in limine* are denied and the case will proceed to trial as scheduled.