## Richmond

### HOWARD BROOKS

### V.

### CITY OF NEWPORT NEWS

October 15, 1982.

Record No. 812249.

Present: Carrico, C.J., Poff, Compton, Thompson, Stephenson, and Russell, JJ.

*Louis J. Richman, Jr.,* for appellant.

*Verbena M. Askew, Assistant City Attorney (Robert V. Beale, City Attorney,* on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

Howard Brooks was convicted of operating a motor vehicle while under the influence of alcohol in violation of an ordinance of the City of Newport News (City).[1] Brooks submitted to a post-arrest breath analysis, and the only issues on appeal are (1) the admissibility into evidence of the "Certificate of Breath Alcohol Analysis" and (2) its effect upon his conviction.

The arresting officer testified that in the early morning hours of April 13, 1981, he observed a vehicle weaving back and forth across the broken white lines between lanes on Jefferson Avenue. After stopping the automobile, the officer stated that Brooks, the driver, had a strong odor of alcohol about him; his eyes were red and glassy; his speech was slow; and he was unsteady on his feet. Results from the sobriety tests revealed that Brooks was unable to perform the "stork test, balance test, or finger-to-nose test." When the officer requested Brooks to count backwards from 35 to 10, Brooks replied "I don't know my letters too well."

The officer arrested Brooks and took him to the police station where D. W. Brown, the breath-test operator, made an analysis of Brooks' breath. Upon completion of the test, Brown filled out a form entitled "Certificate of Breath Alcohol Analysis" certifying, *inter alia,* that Brooks' alcohol content was 0.11 percent by weight by volume. From the face of the certificate, it appears that

---

[1] Code § 46.1-188 permits localities to enact ordinances adopting by reference certain provisions of the motor vehicle code and of "article 2 (§ 18.2-266 et seq.) of chapter 7 of Title 18.2." This was implemented in Newport News by § 26-72 of the 1961 City Code, as amended.

Brown's license number 80033227, issued by the Division of Consolidated Laboratory Services, expired on March 19, 1981.[2]

At a bench trial, Brooks' counsel objected to the introduction into evidence of the certificate on the ground that Brown's license had expired when he administered the breath-analysis test. The trial judge, however, overruled counsel's objection and admitted the certificate, stating that the purpose of the license requirement was to ensure that operators were properly trained, as Brown was. The trial court then convicted Brooks, fined him $200 and costs, and suspended his Virginia driver's permit for six months.

## I. *Admissibility of the Certificate.*

Brooks contends that the breath analysis could be made only by a person possessing a valid license, and that the certificate shows on its face that Brown did not, on April 13, 1981, possess a valid license.

Code § 18.2-268(rl) provides:

> Chemical analysis of a person's breath, to be considered valid under the provisions of this section, shall be performed by an individual possessing a *valid* license to conduct such tests, with a type of equipment and in accordance with the methods approved by the Division. Such breath-testing equipment shall be tested for its accuracy by the Division at least once every six months. [Emphasis supplied.]
> The Division is directed to establish a training program for all individuals who are to administer the breath tests, of at least forty hours of instruction in the operation of the breath-test equipment and the administration of such tests. Upon the successful completion of the training program the Division may issue a license to the individual operator indicating that he has completed the course and is authorized to conduct a breath-test analysis.

While the statute does not require the expiration date of the license to be recorded on the certificate of analysis, the form does and *thus points up a patent inconsistency* with Brown's certification that he possessed a valid license.

---

[2] In the statement of facts contained in the record, March 19, 1981, is the alleged expiration date. However, Exhibit #1, the certificate, shows March 15, 1981. The inconsistency is irrelevant.

The City contends that Code § 18.2-268(s)[3] controls and that the defect is procedural, not substantive, and thus does not prohibit the admissibility of this certificate. This is the conclusion reached by the trial court. We disagree.

The statute requires the test to be administered by an operator with a valid license, and the self-authenticating certificate indicates that Brown's license was invalid. The qualification of the operator is a matter of substance, not procedure, and is not waived by subsection (s). The lower court, therefore, was in error in admitting the certificate into evidence.

## II. *Was the Erroneous Ruling Fatal to a Conviction?*

Code § 18.2-268(i) provides in part:

In any trial for a violation of § 18.2-266 of the Code or of a similar ordinance of any county, city or town, this section shall not otherwise limit the introduction of any relevant evidence bearing upon any question at issue before the court, and the court shall, regardless of the result of the blood or breath test or tests, if any, consider such other relevant evidence of the condition of the accused as shall be admissible in evidence.

Code § 18.2-268(r) provides:

The court or the jury trying the case shall determine the innocence or the guilt of the defendant from all the evidence concerning his condition at the time of the alleged offense.

The statutory mandate is that the guilt or innocence of the accused be determined from all the evidence of his condition at the time of the alleged offense, with or without a breath analysis. In

---

[3] Code § 18.2-268(s) provides:

The steps herein set forth relating to the taking, handling, identification, and disposition of blood or breath samples are procedural in nature and not substantive. Substantial compliance therewith shall be deemed to be sufficient. Failure to comply with any one or more of such steps or portions thereof, or a variance in the results of the two blood tests shall not of itself be grounds for finding the defendant not guilty, but shall go to the weight of the evidence and shall be considered as set forth above with all the evidence in the case, provided that the defendant shall have the right to introduce evidence in his own behalf to show noncompliance with the aforesaid procedure or any part thereof, and that as a result his rights were prejudiced.

*Gardner* v. *Commonwealth,* 195 Va. 945, 954, 81 S.E.2d 614, 619 (1954), we equated "under the influence of alcohol" with intoxication and adopted the statutory definition in Code § 4-2(14).[4] *Accord, Clemmer* v. *Commonwealth,* 208 Va. 661, 159 S.E.2d 664 (1968). The result of a breath analysis is but auxiliary proof which may tend to corroborate evidence of the objective symptoms adopted in *Gardner.*

Under the facts and circumstances of this case, the trial court's erroneous ruling admitting the certificate was not fatal to a conviction. The testimony at the trial clearly showed that there was no room for reasonable doubt about Brooks' actual condition at the time of his arrest. The evidence of his guilt was clear and compelling, and the erroneous ruling of the trial court was harmless. *Yager* v. *Commonwealth,* 220 Va. 608, 260 S.E.2d 251 (1979), *Rozier* v. *Commonwealth,* 219 Va. 525, 248 S.E.2d 789 (1978), and *Goins* v. *Commonwealth,* 218 Va. 285, 237 S.E.2d 136 (1977).

*Affirmed.*

---

[4] Code § 4-2(14) provides that "[a]ny person who has drunk enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation, shall be deemed to be intoxicated."