**Salem**

HARRY SANDERS WILLIAMS

v.

COMMONWEALTH OF VIRGINIA

No. 0702-89-2

Decided July 31, 1990

COUNSEL

Joseph S. Tate (Gwyn, Tate & Tate, on brief), for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General; Richard B. Smith, Assistant Attorney General, on brief), for appellee.

OPINION

BENTON, J.—Harry Sanders Williams was convicted of driving under the influence of intoxicants in violation of Code § 18.2-266. Williams seeks reversal of his conviction, arguing that the trial court erroneously admitted into evidence the certificate of blood alcohol analysis. We agree and remand for a new trial.

The evidence established that Officer Kevin Freeman observed Williams drive into a parking lot adjacent to the highway, turn around and drive back onto the highway in the opposite direction. As he drove away, Williams crossed the center line of the two lane road and proceeded to drive for approximately fifty yards with the left tires of his vehicle over the center line. Suspecting that Williams was intoxicated, Freeman signaled Williams to stop his vehicle. Williams complied.

Freeman noticed that Williams dropped some credit cards from his billfold as Williams attempted to produce his driver's license and registration. Freeman also detected an odor of alcohol about Williams' person and noticed that Williams was unsteady on his

feet. Williams admitted that he had had a few drinks at noon that day. After administering an alka-sensor test to Williams, Freeman arrested Williams for driving under the influence of alcohol. Williams elected to submit to a blood test rather than take a breathalyzer test and was transported to a hospital where blood samples were taken. The vials containing the blood samples were placed in a container to be forwarded to the Division of Consolidated Laboratories of Virginia.

Prior to trial, Williams moved to suppress the certificate of analysis. Although the certificate indicated that the seal on the vial itself had not been broken or otherwise tampered with when received, the certificate stated, "container not sealed." The trial court denied the motion to suppress the certificate. Williams' objection at trial to the introduction of the certificate of analysis again was overruled on the ground that, although the container was unsealed, apparently the vial itself remained intact. However, the vial was not offered as evidence. The certificate of analysis correctly indicated Williams' name, the date, the time, and by whom the blood sample was received and examined.

 "It is rudimentary that a specimen taken from a human body for the purpose of analysis must be identified before such specimen or any analysis made from it attains standing as evidence of the condition of the person whose conduct is questioned." *Rodgers v. Commonwealth*, 197 Va. 527, 531, 90 S.E.2d 257, 259 (1955). In light of this principle, Code § 18.2-268(G) provides:

Adequate portions of the blood samples so withdrawn shall be placed in vials provided by the Division which vials shall be sealed and labeled by the person taking the sample or at his direction, showing on each the name of the accused, the name of the person taking the blood sample, and the date and time the blood sample was taken. The vials shall be divided between two containers provided by the Division, *which containers shall be sealed so as not to allow tampering with the vial.*

(emphasis added).

 The purpose of the sealed container requirement is to ensure that the vial received by the laboratory is the same vial containing the defendant's blood which was placed in the container by the

person taking the blood sample from the defendant. In this case, the certificate completed by the laboratory states on its face that the container into which the vial was placed arrived unsealed. The unsealed condition of the container calls into question whether the vial was the same vial which contained the defendant's blood. The Commonwealth did not offer the vial as evidence and presented no evidence concerning the labeling of the vial. In the absence of such evidence, the trial judge in ruling upon the admissibility of the certificate of analysis, cannot assume, in the absence of statutory compliance, that the vial in the unsealed container was the same vial which was originally placed there by the person taking the blood sample from the defendant.

The Commonwealth argues that the defect was procedural and that the certificate was admissible under Code § 18.2-268(Z). We conclude, however, that the defect, which raised the issue of the integrity of the sample, was a matter of substance not covered by Code § 18.2-268(Z). *Cf. Brooks v. City of Newport News*, 224 Va. 311, 315, 295 S.E.2d 801, 803 (1982). It was error to admit the certificate into evidence at trial.

We need not decide whether, in the absence of the certificate of analysis, the evidence was sufficient to sustain Williams' conviction. That issue is left for the trial court's determination on remand.

*Reversed and remanded.*

Barrow, J., and Coleman, J., concurred.