COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Fitzpatrick

MARK ALLEN VAN LEAR

v.        Record No. 1924-94-3      MEMORANDUM OPINION[*]
                                   BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                 FEBRUARY 20, 1996

FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
Duncan M. Byrd, Jr., Judge

Dabney L. Pasco (Christopher Wm. Schinstock;
St. Clair & Associates, on briefs), for appellant.

Robert B. Beasley, Jr., Assistant Attorney General
(James S. Gilmore, III, Attorney General, on brief),
for appellee.


Mark Allen Van Lear appeals his conviction for operating a motor vehicle while under the influence of alcohol. Van Lear contends that the trial court erred by (1) admitting into evidence the certificate of breath alcohol analysis, and (2) applying the statutory presumption of intoxication to the breath test results. We hold that the trial court did not err by admitting the certificate of analysis into evidence, but did err by considering the results as stated in the certificate sufficient to apply the Code § 18.2-269(A)(3) statutory presumption of intoxication.[1] Accordingly, we reverse the conviction and remand the case to the trial court.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1] Gardner v. Commonwealth, 195 Va. 945, 954, 81 S.E.2d 614, 619 (1954), holds that "under the influence of alcohol" is equivalent to "intoxication" and adopts the definition of intoxication from Code § 4-12(14).

The Certificate of Breath Alcohol Analysis, introduced by the Commonwealth and admitted by the trial judge, stated that the defendant's breath alcohol content was ".10% grams per 210 liters of breath."  The defendant contends that Code § 18.2-269(A)(3) requires that the method for reporting the results of the analysis of an accused's breath alcohol content be the number of grams of alcohol per 210 liters of the accused's breath, which necessarily requires that the results be expressed in whole numbers, rather than as a percentage.[2]  Furthermore, he argues, it makes no sense to express breath test results as a percentage of "grams per 210 liters of breath" and because the certificate is inconsistent, on its face, with the breath test operator's attestation, "that the above is an accurate record of the test conducted," the trial court should not have admitted the certificate of analysis into evidence.

The Commonwealth acknowledges that an error exists on the certificate of analysis, but argues that it is apparent that the "%" sign was inadvertently inserted in the certificate. Therefore, the Commonwealth contends that the trial court properly concluded that the certificate of analysis showed the

---

[2] Code § 18.2-269(3)(A) provides:

If there was at that time 0.08 percent or more by weight by volume of alcohol in the accused's blood or 0.08 grams or more per 210 liters of the accused's breath, it shall be presumed that the accused was under the influence of alcohol intoxicants at the time of the alleged offense.

test results to be .10 grams of alcohol per 210 liters of the defendant's breath.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." James v. Commonwealth, 18 Va. App. 746, 753, 446 S.E.2d 900, 904 (1994) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). Here, there is no indication that the breath test was performed improperly or that the test operator was not qualified. See Brooks v. City of Newport News, 224 Va. 311, 315, 295 S.E.2d 801, 803 (1982). Code § 18.2-268.9 provides, among other things, the "certificate, when attested by the individual conducting the breath test, shall be admissible in any court in any criminal or civil proceeding as evidence of the facts therein stated and of the results of such analysis." Moreover, if, as the Commonwealth contends, the "%" sign was inserted in error, that error is a procedural matter, rather than a substantive one affecting the test results, and does not defeat the admissibility of the certificate. See Code § 18.2-268.11; cf. Brooks, 224 Va. at 315, 295 S.E.2d at 803 (holding that the qualification of the test operator is a substantive matter). Thus, although the measurement as expressed in the certificate of analysis is stated in terms other than as provided by the statute and the evidence fails to explain the significance of ".10% grams,"[3] the trial

_____

[3] Although .10% mathematically converts to the whole number, .001, both the appellant and the Commonwealth acknowledge that expressing the measurement of alcohol content of breath in terms

court did not err by admitting the certificate into evidence. We hold, therefore, that the trial court did not abuse its discretion by admitting the certificate of analysis into evidence.  The problem remains, however, what is the evidentiary value of the certificate of analysis showing unexplained results of ".10%" grams per 210 liters."

We turn to whether the trial court could consider the results as expressed in the certificate sufficient to apply the presumption of intoxication in accordance with Code § 18.2-269(A)(3).  The Commonwealth did not offer evidence to explain the error in ".10%."  Without evidence explaining the errors, the trial judge could not assume that "%" was simply inserted by error and that the correct measurement for alcohol content was .10 grams per 210 liters of the accused's breath. Accordingly, by failing to determine that the certificate reflected the correct measurement of the defendant's breath alcohol content, the trial court erred in applying the statutory presumption of intoxication under Code § 18.2-269(A)(3) to the test results. Because the trial court erroneously based its finding of intoxication upon the statutory presumption, we do not decide whether the other evidence was sufficient to prove intoxication.  See Williams v. Commonwealth, 10 Va. App. 636, 639, 394 S.E.2d 728, 729 (1990); see also Overbee v.

---

of "percentage" of grams of alcohol per 210 liters of breath, rather than the number of grams of alcohol per 210 liters of breath, makes no sense.  The Commonwealth argues that it is patent that the examiner included a "%" sign because the statute formerly provided for measuring blood alcohol content only in terms of percentage of alcohol level in the accused's blood.

<u>Commonwealth</u>, 227 Va. 238, 243-45, 315 S.E.2d 242, 244-45 (1984); <u>Brooks</u>, 224 Va. at 315-16, 295 S.E.2d at 804.  Therefore, we reverse the conviction and remand the case to the trial court for such further action as the Commonwealth may be advised.

<u>Reversed and remanded</u>.