COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judge Lemons and
         Senior Judge Duff
Argued at Alexandria, Virginia


JOSEPH REED BROWN

                                    MEMORANDUM OPINION* BY
v.   Record No. 0787-98-4           JUDGE CHARLES H. DUFF
                                         JULY 6, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      John E. Kloch, Judge

          Christopher Leibig, Assistant Public
          Defender, for appellant.

          Daniel J. Munroe, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Joseph Reed Brown was convicted of driving under the

influence of intoxicants in violation of Code § 18.2-266.

Appellant argues that the trial court erroneously admitted a

police officer's testimony in lieu of a certificate of analysis

and that the reliability of the breath testing equipment was not

proved. We agree that the reliability of the equipment was not

proved, and thus reverse the conviction.[1]

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

     [1] As we reverse on the second issue presented, we do not
address the first issue regarding the testimony of the results
of the breath test.

BACKGROUND

Appellant was stopped at a DWI checkpoint.  After conducting field sobriety tests, Officer Joseph Pohlmeier arrested appellant.  Shortly thereafter, appellant took a breath analysis test administered by Officer Christopher Wemple, a licensed operator.

At trial, the Commonwealth failed to offer the certificate of analysis to prove appellant's blood level of alcohol.  Wemple testified that he remembered administering the breath test to appellant and that he administered the test in accordance with normal procedures.  Wemple also testified that he did not know when the breath testing equipment was last calibrated for accuracy, but that based on his experience, the equipment will not operate unless it is properly calibrated.  Wemple further testified that appellant's blood alcohol level was ".12."

EVIDENCE OF EQUIPMENT RELIABILITY

Appellant argues that Wemple's testimony was insufficient to establish the reliability of the breath testing equipment.

Code § 18.2-268.9 provides that the individual conducting the breath test "shall issue a certificate which will indicate that . . . the equipment on which the breath test was conducted has been tested within the past six months and has been found to be accurate . . . ."  This provision was included in the statute to ensure the proper functioning of the equipment.

Wemple, a certified breath test operator, testified that he administered the test according to proper procedure and issued a certificate as required by the statute. The certificate was not available for trial, and Wemple testified that he did not know when the breath testing equipment was last calibrated for accuracy. Code § 18.2-268.9 requires proof that the breath testing equipment had been tested within the past six months and found to be accurate. Without such proof of the calibration date of the breath testing equipment, the requirements of Code § 18.2-268.9 were not met, and the trial court erred in admitting the results of appellant's breath test.

Nor do we find such error merely procedural which might be cured by Code § 18.2-268.11. The lack of the statutorily mandated evidence of calibration affects the integrity of the result and is a matter of substance. See Brooks v. City of Newport News, 224 Va. 311, 315, 295 S.E.2d 801, 803 (1982); Williams v. Commonwealth, 10 Va. App. 636, 639, 394 S.E.2d 728, 729 (1990). Accordingly, appellant's conviction for driving under the influence of intoxicants is reversed and the charge is dismissed.

Reversed and dismissed.