COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Alexandria, Virginia


HERBERT EUGENE OLIVER
                                            OPINION BY
v.    Record No. 2536-01-2         JUDGE RUDOLPH BUMGARDNER, III
                                           MARCH 4, 2003
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                    John W. Scott, Jr., Judge

            Benjamin H. Woodbridge, Jr. (Woodbridge,
            Ventura & Kelly, P.C., on brief), for
            appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General;
            H. Elizabeth Shaffer, Assistant Attorney
            General, on brief), for appellee.


     Herbert Eugene Oliver appeals his conviction after a bench

trial for driving under the influence of alcohol, in violation of

Code § 18.2-266. We affirm the judgment of the trial court.

     Officer Brian Layton responded to a hit-and-run complaint and

found the defendant in the driver's seat. He was "passed out,"

and the engine was still running. The officer observed two empty

Jack Daniels bottles, and the defendant admitted to drinking that

brand before falling asleep again.

     The officer took the defendant to a police car and began to

advise him of the implied consent law, but the defendant fell

asleep about half-way through the advice. The officer completed

the advisement and then arrested the defendant for driving under the influence.  The officer drove directly to the magistrate's office, but the defendant would not awake after they arrived and never regained consciousness.  The officer left him in the police car, obtained an arrest warrant, and took the defendant to jail. The magistrate never advised the defendant of the implied consent law, and no blood or breath sample was obtained.  The breathalyzer test was available.

The defendant argues the officer was required to make him take a blood test since he was unconscious and incapable of taking a breath test.[1]  The defendant cites Breeden v. Commonwealth, 15 Va. App. 148, 421 S.E.2d 674 (1992), as authority that he cannot be prosecuted because the officer was required to take him to a hospital and compel a blood test.

Breeden held, "[o]nce the Commonwealth has elected to have a driver take a blood or breath test pursuant to Code § 18.2-268, the driver has a right to receive the benefits of the test."  Id. at 150, 421 S.E.2d at 675.  At that time, the statute permitted the defendant to elect either a breath or blood test.  As noted: "[w]hen the legislature enacted Code § 18.2-268(c), it granted to

---

[1] The defendant also maintains the trial court erred in not dismissing the charge because the officer did not take him before a magistrate to receive advisement on the implied consent law as mandated by Code § 18.2-268.3.  We do not address this argument because the defendant never raised it at trial.  Rule 5A:18.

the accused . . . the option to take a blood or breath test.  That election . . . is one the Court must honor."  Id. at 150, 421 S.E.2d at 676.  The General Assembly amended the statute in 1995 and it no longer permits an election.  The arresting officer provides a blood test only when a defendant is physically unable to perform a breath test.  Breeden is inapplicable because the essential feature of the statute it interpreted has changed.

At the time of the defendant's arrest, the implied consent statute provided:

> A.  Any person . . . who operates a motor vehicle . . . shall be deemed . . . to have consented to have samples of his blood, breath, or both . . . taken . . . to determine the alcohol . . . content of his blood . . . .
>
> B.  Any person so arrested for a violation of § 18.2-266(i) . . . shall submit to a breath test.  If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given . . . .

Code § 18.2-268.2.

The refusal statute provided:

> If a person, after having been arrested . . . and after having been advised by the arresting officer that (i) a person . . . is deemed . . . to have consented to have samples of his blood and breath taken . . . and (iii) that the unreasonable refusal to do so constitutes grounds for the revocation of the privilege of operating a motor vehicle[,]. . . refuses . . . such tests, the arresting officer shall take the person before a committing magistrate.  If he again so refuses after having been further advised

                    by the magistrate . . . then no blood or
                    breath samples shall be taken . . . .

Code § 18.2-268.3(A).

     Goodman v. Commonwealth, 37 Va. App. 374, 558 S.E.2d 555
(2002), affirmed a conviction based on a blood sample obtained
from an unconscious driver, who was receiving emergency treatment
in a hospital.  "[T]he implied consent law operates to permit the
taking and testing of blood from that driver and that incoherence
or unconsciousness does not constitute a refusal, reasonable or
unreasonable, because consent is continuing."  Id. at 383, 558
S.E.2d at 560.  While the holding permits the taking, nothing
suggests it mandates the taking.

     Under the particular facts of this case, a blood test was
not required.  The record demonstrates that the defendant's
condition was of his own making.  He does not contest the
finding that he was intoxicated when arrested, and he has
demonstrated no prejudice that he suffered because of the
failure to take a blood test.  The implied consent statute
contains no language prohibiting prosecution.

     Test results from a breath or blood test are not necessary
or required to prove driving under the influence of alcohol or
drugs.  Code § 18.2-268.10 states, "the admission of the blood
or breath test results shall not limit the introduction of any
other relevant evidence . . . and the court shall, regardless of
the result of any blood or breath tests, consider other relevant

admissible evidence of the condition of the accused."  "The result of a breath analysis is but auxiliary proof which may tend to corroborate evidence of the objective symptoms . . . ." Brooks v. City of Newport News, 224 Va. 311, 315-16, 295 S.E.2d 801, 804 (1982).

We hold the implied consent statute does not require that an arresting officer compel submission to chemical testing as a prerequisite to prosecution.  Under the facts of this case, failure to obtain a blood test from the unconscious defendant does not mandate dismissal of the charge.  Accordingly, we affirm the conviction for driving under the influence.

Affirmed.

Humphreys, J., concurring.

I concur in the result reached by the majority. However, I write separately because, in my judgment, the majority fails to adequately address the issue raised by Oliver, which is whether Virginia's implied consent statute imposes a mandatory duty upon law enforcement officers to attempt to secure chemical testing of DUI suspects. More specifically, whether Code § 18.2-268.2 requires officers to provide a suspect with a blood test, if the suspect is physically unable to perform a breath test, and/or a breath test is otherwise unavailable.

On appeal, Oliver argues that because, in Officer Layton's perception, Oliver was "'incapable of taking . . . a breath test,'" Layton's "failure to at least attempt to compel [Oliver] to submit to the alternative of a blood test . . . require[s] dismissal of the charge against [Oliver]." In essence, Oliver contends that Virginia's implied consent statute imposes a mandatory duty on law enforcement personnel to offer a breath test or in the alternative, a blood test, to all persons accused of driving while under the influence. Oliver further argues that if this duty is not met, prosecution for the charge cannot be had. I disagree.

Assuming, without deciding, that Oliver's self-imposed unconsciousness constitutes "physical inability" under the implied consent statute, I would hold that the statutory scheme relative to implied consent and prosecutions for driving while intoxicated,

does not <u>require</u> an officer to attempt to obtain chemical testing of a person suspected of driving under the influence of alcohol or drugs.

This specific question has not been considered by an appellate court in this State, and the majority avoids doing so here.  Nevertheless, it is fundamental that "[w]hen the plain language in a statute is clear and unambiguous, we are bound by the plain meaning of that language."  <u>Cummings v. Fulghum</u>, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001).  At the time of Oliver's arrest, Code § 18.2-268.2, Virginia's implied consent statute, provided as follows:

> A.  Any person, whether licensed by Virginia or not, who operates a motor vehicle upon a highway, as defined in § 46.2-100, in this Commonwealth shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol, drug, or both alcohol and drug content of his blood, if he is arrested for violation of § 18.2-266 or § 18.2-266.1 or of a similar ordinance within two hours of the alleged offense.
>
> B.  Any person so arrested for a violation of § 18.2-266(i) or (ii) or both, or § 18.2-266.1 or of a similar ordinance shall submit to a breath test.  If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given.  The accused shall, prior to administration of the test, be advised by the person administering the test that he has the right to observe the process of analysis and to see the blood-alcohol reading on the equipment used to perform the breath test.  If the equipment automatically

produces a written printout of the breath
test result, the printout, or a copy, shall
be given to the accused.

C.  A person, after having been arrested for
a violation of § 18.2-266(iii) or (iv) or
§ 18.2-266.1 or of a similar ordinance, may
be required to submit to a blood test to
determine the drug or both drug and alcohol
content of his blood.  When a person, after
having been arrested for a violation of
§ 18.2-266(i) or (ii) or both, submits to a
breath test in accordance with subsection B
of this section or refuses to take or is
incapable of taking such a breath test, he
may be required to submit to tests to
determine the drug or both drug and alcohol
content of his blood if the law-enforcement
officer has reasonable cause to believe the
person was driving under the influence of
any drug or combination of drugs, or the
combined influence of alcohol and drugs.

Code § 18.2-268.3(A) provided:

If a person, after having been arrested for
a violation of §§ 18.2-51.4, 18.2-266 or
§ 18.2-266.1 or of a similar ordinance and
after having been advised by the arresting
officer that a person who operates a motor
vehicle upon a public highway in this
Commonwealth is deemed thereby, as a
condition of such operation, to have
consented to have samples of his blood and
breath taken for chemical tests to determine
the alcohol or drug content of his blood,
and that the unreasonable refusal to do so
constitutes grounds for the revocation of
the privilege of operating a motor vehicle
upon the highways of this Commonwealth,
refuses to permit blood or breath or both
blood and breath samples to be taken for
such tests, the arresting officer shall take
the person before a committing magistrate.
If he again so refuses after having been
further advised by the magistrate of the law
requiring blood or breath samples to be
taken, and the penalty for refusal, and so
declares again his refusal in writing upon a

> form provided by the Supreme Court, or refuses or fails to so declare in writing and such fact is certified as prescribed below, then no blood or breath samples shall be taken even though he may later request them.

Thus, the statutory scheme relative to the implied consent statute contains no language that can reasonably be interpreted as <u>requiring</u> police to provide every DUI suspect a breath or blood test as a precondition for prosecution. Indeed, "[a] cardinal rule of statutory construction is that a statute be construed from its four corners and not by singling out a particular word or phrase." <u>Commonwealth Natural Resources, Inc. v. Commonwealth</u>, 219 Va. 529, 536, 248 S.E.2d 791, 795 (1978).

So viewed, subsection B of the statute provides that if a person is arrested for an appropriate violation, including a violation of Code § 18.2-266(i) or (ii), the person "<u>shall submit</u>" to a breath test. Code § 18.2-268.2(B) (emphasis added). If the breath test is unavailable or the person is physically unable to submit to the breath test, then a blood test "<u>shall be given</u>." <u>Id.</u> (emphasis added). Accordingly, in the first instance, the plain language of the statute creates no duty upon an arresting officer to elect to perform a breath test. Instead, it creates a mandatory burden upon the suspect, by using the word "shall," to submit to a breath test if he or she is arrested for a violation of Code §§ 18.2-266(i) or (ii),

18.2-266.1 or a similar ordinance.  See Brushy Ridge Coal Co. v.

Blevins, 6 Va. App. 73, 78, 367 S.E.2d 204, 206 (1988) (noting

that, in a case where a rule required action by a private

individual, the word "shall," is primarily mandatory).[2]  It is

not until the officer elects to perform the testing, and the

suspect submits to the testing, that any burden shifts to the

officer to provide a blood test if a breath test is unavailable,

or the suspect is unable, due to physical inability, to take the

breath test.  See Lamay v. Commonwealth, 29 Va. App. 461,

468-69, 513 S.E.2d 411, 414-15 (1999) (noting that a blood test

must be given only when a breath test is unavailable or the

accused is physically unable to take one).

In other words, the plain language of the implied consent

statute, when considered as a whole, does not obligate an

arresting officer to elect to conduct any chemical testing.

Instead, it merely provides that a suspect is deemed to have

---

[2] However, the Supreme Court of Virginia has recognized that the statutory scheme relative to implied consent, reserves the suspect's power to refuse the test when actually confronted with it.  Caldwell v. Commonwealth, 205 Va. 277, 281, 136 S.E.2d 798, 801 (1964) (holding that a suspect has the power to refuse the test, but not the right to refuse it, as he or she can be prosecuted for the refusal); see also note, Virginia's Implied Consent Statute:  A Survey and Appraisal, 49 Va. Law Rev. 386, p. 397 (1963).  Nevertheless, we have held that "where the arresting officer has probable cause to believe an incoherent or unconscious driver has violated Code § 18.2-266, the implied consent law operates to permit the taking and testing of blood from that driver and that incoherence or unconsciousness does not constitute a refusal, reasonable or unreasonable, because consent is continuing."  Goodman v. Commonwealth, 37 Va. App. 374, 383, 558 S.E.2d 555, 560 (2002) (emphasis added).

consented to such tests and establishes certain guidelines for

testing in the event the testing option is utilized.

Specifically, the statute

> sets forth the requirement that one using
> the highways in Virginia charged with
> operating a motor vehicle while under the
> influence of drugs or intoxicants consents
> to provide a blood or breath sample to test
> for alcohol or drug content in the blood or
> breath; it defines the procedures, rules,
> and requirements concerning the
> Commonwealth's use of blood and breath
> analyses for alcohol and drug content; it
> defines the legal implications of a refusal
> to submit to a test for one arrested on a
> violation of Code § 18.2-266 or a similar
> local ordinance of a county, city, or town;
> and it establishes procedural safeguards for
> those accused of violating state law or
> local ordinances.

Wendell v. Commonwealth, 12 Va. App. 958, 961, 407 S.E.2d 690,

692 (1991).

One such safeguard, added by legislative amendment in 1995,

states that an arresting officer "shall" provide a blood test if

he or she elects to conduct the chemical testing, and if the

suspect submits to the testing, but the suspect is physically

unable to perform a breath test.  However, contrary to Oliver's

contention, this language, applying to the actions of police

officers as public officials, is not mandatory, but directory.

Indeed, in a recent opinion, the Supreme Court of Virginia held

that, whether civil or criminal in nature:

> "the use of 'shall,' in a statute requiring
> action by a public official, is directory
> and not mandatory unless the statute

> manifests a contrary intent."  Jamborsky v.
> Baskins, 247 Va. 506, 511, 442 S.E.2d 636,
> 638 (1994); accord Tran v. Board of Zoning
> Appeals of Fairfax County, 260 Va. 654,
> 657-58, 536 S.E.2d 913, 915 (2000);
> Commonwealth v. Wilks, 260 Va. 194, 199-200,
> 530 S.E.2d 665, 667 (2000); Commonwealth v.
> Rafferty, 241 Va. 319, 324, 402 S.E.2d 17,
> 20 (1991).  As far back as 1888, when this
> Court addressed a statute that used the term
> "shall," we stated that "[a] statute
> directing the mode of proceeding by public
> officers is to be deemed directory, and a
> precise compliance is not to be deemed
> essential to the validity of the
> proceedings, unless so declared by statute."
> Nelms v. Vaughan, 84 Va. 696, 699, 5 S.E.
> 704, 706 (1888).

Butler v. Commonwealth, 264 Va. 614, 619, 570 S.E.2d 813, 816

(2002).

Neither Code § 18.2-268.2, nor the statutes relevant to the

implied consent law, contain "prohibitory or limiting language"

that prevents prosecution of an individual when a blood test has

not been provided.  Id.  Absent such language, the relevant

statutory provision is "directory rather than mandatory.  Thus, a

failure to comply with the provision is not a per se basis for

reversing a trial court's judgment."  Id. at 620, 570 S.E.2d at

816-17.

The majority ignores the importance of the Butler decision in

this context, as well as its effect on our decision in Lamay,

where we held, under the current version of the statute, that a

failure by a law enforcement officer to provide a blood test when

a breath test is unavailable, or the suspect is physically unable

to perform the breath test, is a per se basis for dismissal of the charge. I would hold that Lamay has been implicitly overruled by the Supreme Court of Virginia's decision in Butler. Lamay, 29 Va. App. at 468-69, 513 S.E.2d at 414-15.

Nevertheless, I think it is important to note that the Butler decision does not go so far as to hold that in every instance where a blood test is not provided, a trial court can require a defendant to proceed to trial without the benefit of the test.

> [A]dherence to the provisions of Code
> § 8.01-353 is required to the extent
> necessary to insure due process. When
> dealing with a statute whose terms are
> directory, "[a]ny determination whether a
> [party] has suffered prejudice constituting
> a denial of due process must be made on a
> case-by-case basis." Jamborsky, 247 Va. at
> 511, 442 S.E.2d at 639; accord Tran, 260 Va.
> at 658, 536 S.E.2d at 916; Wilks, 260 Va. at
> 201, 530 S.E.2d at 668.

Id.

Here, the record demonstrates that Oliver's condition was of his own making. Indeed, Oliver does not contest on appeal the trial court's finding that he was intoxicated when he was found by Officer Layton. Accordingly, Oliver has not demonstrated that he suffered any specific prejudice that constituted a denial of due process because of the officer's failure to offer and/or provide him with a blood test. Cf. Downing v. Commonwealth, 26 Va. App. 717, 721, 496 S.E.2d 164, 166 (1998) ("Generally, voluntary intoxication is not an excuse for any crime." (quoting Wright v. Commonwealth, 234 Va. 627, 629, 363 S.E.2d 711, 712 (1988) (citing

Boswell v. Commonwealth, 61 Va. (20 Gratt.) 860, 870 (1871)))).

Furthermore, in accordance with the Butler holding, the principles

of due process do not require provision of a blood or breath test

in all circumstances.  To hold otherwise would be to transform the

implied consent statute into a so-called "due process" right to

compel the State to gather, on the suspect's behalf, what might

amount to exculpatory evidence.

In Virginia, we have long recognized the principle that there

is "no general constitutional right to discovery in a criminal

case," but that "[d]ue process requires the Commonwealth to

disclose all known, material exculpatory evidence to an accused."

Williams v. Commonwealth, 16 Va. App. 928, 932-33, 434 S.E.2d 343,

346 (1993); Jefferson v. Commonwealth, 27 Va. App. 477, 486, 500

S.E.2d 219, 224 (1998).  Notwithstanding this, our courts have

never held that the State must gather evidence on behalf of an

accused, nor has the legislature chosen to impose such a

requirement.

Oliver correctly notes that the Supreme Court of Virginia has

held the implied consent statute:

> serve[s] a salutary purpose.  A chemical
> analysis of one's blood provides a
> scientifically accurate method of
> determining whether a person is intoxicated,
> removes the question from the field of
> speculation and supplies the best evidence
> for that determination.  It protects one who
> has the odor of alcohol on his breath but
> has not been drinking to excess, and one
> whose conduct may create the appearance of
> intoxication when he is suffering from some

> physical condition over which he has no control.

Walton v. City of Roanoke, 204 Va. 678, 683, 133 S.E.2d 315, 319 (1963).  But, the court has also noted that the implied consent imposed under the statute, "is a measure flowing from the police power of the state designed to protect other users of state highways."  Deaner v. Commonwealth, 210 Va. 285, 289, 170 S.E.2d 199, 201-02 (1969).  Indeed, "one of the foremost purposes behind the enactment of the implied consent statute was the important deterrent effect it was thought to have in keeping drunk drivers off the highways," of Virginia.  Note, Virginia's Implied Consent Statute:  A Survey and Appraisal, 49 Va. Law Rev. 386, p. 397 (1963) (citing Va. Advisory Legislative Council, Virginia Laws Relating to Driving Under the Influence of Intoxicants, H.D. Doc. No. 24, Va. Gen. Assembly note 1, p. 8 (1960) (stressing the deterrent effect of the proposed bill)).  Thus, although the statute may have a dual purpose, the "spirit" of the implied consent language purports that it was intended to be a tool for the State in removing drunk drivers from the state's highways, not to provide a shield for the drunk driver.  Id.; Deaner, 210 Va. at 289, 170 S.E.2d at 201-02; see also State of Washington v. Woolbright, 789 P.2d 815, 818 (Wash. Ct. App. 1990).

Moreover, test results from a breathalyzer and/or blood test are neither necessary, nor required to establish the offense of

driving under the influence of alcohol or drugs.  See Code

§§ 18.2-266 and 18.2-268.10.  Code § 18.2-266 states what

constitutes "driving under the influence."  It provides, in

pertinent part, that:

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article, (ii) while such person is under the influence of alcohol, (iii) while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely, or (iv) while such person is under the combined influence of alcohol and any drug or drugs to a degree which impairs his ability to drive or operate any motor vehicle, engine or train safely.

Code § 18.2-266.

Further, Code § 18.2-268.10 states, in pertinent part, that:

> A.  In any trial for a violation of § 18.2-266 or § 18.2-266.1 or a similar ordinance, the admission of the blood or breath test results shall not limit the introduction of any other relevant evidence bearing upon any question at issue before the court, and the court shall, regardless of the result of any blood or breath tests, consider other relevant admissible evidence of the condition of the accused.
>
> *      *      *      *      *      *      *
>
> D.  The court or jury trying the case involving a violation of clause (ii), (iii) or (iv) of § 18.2-266 or § 18.2-266.1 shall

determine the innocence or guilt of the
defendant from all the evidence concerning
his condition at the time of the alleged
offense.

Accordingly,

the statutory mandate is that the guilt or
innocence of the accused be determined from
all the evidence of his condition at the
time of the alleged offense, with or without
a breath analysis.  [Indeed,] [i]n Gardner
v. Commonwealth, 195 Va. 945, 954, 81 S.E.2d
614, 619 (1954), [the Supreme Court of
Virginia] equated "under the influence of
alcohol" with intoxication and adopted the
statutory definition in Code § 4-2(14) [now
Code § 4.1-100].

Brooks v. City of Newport News, 224 Va. 311, 315-16, 295 S.E.2d

801, 804 (1982).  Namely, "a condition in which a person has drunk

enough alcoholic beverages to observably affect his manner,

disposition, speech, muscular movement, general appearance or

behavior."  Leake v. Commonwealth, 27 Va. App. 101, 110, 497

S.E.2d 522, 526 (1998).  "The result of a breath analysis is but

auxiliary proof which may tend to corroborate evidence of [these]

objective symptoms . . . ."  Brooks, 224 Va. at 315-16, 295 S.E.2d

at 804.

In light of the above authorities, as well as the plain

language of the implied consent statute, I would hold that the

implied consent statute does not require an officer to elect to

perform chemical testing in every arrest for violation of the DUI

statute.  Furthermore, the use of the word "shall," as it pertains

to the provision of a blood test, is directory - not mandatory –

and creates no <u>per</u> <u>se</u> basis for dismissal of a charge for driving under the influence, in violation of Code § 18.2-266. Accordingly, I would affirm Oliver's conviction on this basis.