COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Alston
Argued at Richmond, Virginia


EMMETT THOMAS NEWCOMB
                                               MEMORANDUM OPINION[*] BY
v.        Record No. 2864-08-2                 JUDGE LARRY G. ELDER
                                               SEPTEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                         Herbert C. Gill, Jr., Judge

          Sharon A. Fitzgerald (Sharon Fitzgerald LLC, on brief), for
          appellant.

          Benjamin H. Katz, Assistant Attorney General (William C. Mims,
          Attorney General, on brief), for appellee.


       Emmett Thomas Newcomb (appellant) appeals from his bench trial conviction for driving

while intoxicated in violation of Code § 18.2-266, his third such offense within a ten-year period.

On appeal, he contends the evidence was insufficient to prove he was intoxicated.  We hold the

evidence in the record on appeal, viewed in the light most favorable to the Commonwealth, was

sufficient to support appellant's conviction.  Thus, we affirm.

       On appeal of a criminal conviction, we view the evidence in the light most favorable to

the Commonwealth, granting to the evidence all reasonable inferences deducible therefrom.  E.g.

Stevens v. Commonwealth, 46 Va. App. 234, 240, 616 S.E.2d 754, 757 (2005) (en banc).  "[T]he

fact finder is not required to believe all aspects of a defendant's statement or testimony; the judge

or jury may reject that which it finds implausible, but accept other parts which it finds to be

believable."  Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993); see

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Tarpley v. Commonwealth, 261 Va. 251, 256-57, 542 S.E.2d 761, 764 (2001) (noting the fact that an accused lied provided a basis for the rejection of the accused's testimony but was not substantive evidence of guilt).

Code § 18.2-266 prohibits, *inter alia*, driving "while [one] is under the influence of alcohol." Code § 18.2-266(ii). "Being 'under the influence of alcohol,' is established when any person has consumed enough alcoholic beverages to 'so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation.'" Thurston v. City of Lynchburg, 15 Va. App. 475, 483, 424 S.E.2d 701, 705 (1992) (quoting Gardner v. Commonwealth, 195 Va. 945, 954, 81 S.E.2d 614, 619 (1954)). Therefore, where the Commonwealth offers no chemical test results of an accused's blood or breath, the issue of whether the accused is under the influence must "be determined from all of the evidence of his condition at the time of the alleged offense." Brooks v. City of Newport News, 224 Va. 311, 315, 295 S.E.2d 801, 804 (1982).

Here, the evidence established that, at about 2:00 a.m. on June 4, 2008, Officer Brandeberry stopped appellant for executing a u-turn in the middle of the road and riding his moped westbound while in a lane of traffic designed for eastbound travel. After Brandeberry stopped appellant on the side of the road on a flat portion of blacktop, appellant "sway[ed] with the moped," "trying to hold it steady," for about ninety seconds before he secured it with its kickstand. Officer Brandeberry testified that, even after appellant had balanced the moped on its kickstand, he continued to "sway" and remain "unsteady on his feet" for the duration of the traffic stop. Although appellant told Officer Brandeberry that he had a metal rod in his leg and said he was unable to perform two field sobriety tests that required the use of his legs, the one-legged stand and the nine-step-walk-and-turn test, the trial court was entitled to reject appellant's statements concerning his physical disability. Cf. Sawyer v. Commonwealth, 43

- 2 -

Va. App. 42, 53-55, 596 S.E.2d 81, 86-87 (2004) (involving a trial court's rejection of a defendant's testimony, unsubstantiated by medical records, that she had a chronic lung condition which prevented her from successfully completing the breath alcohol test).

Further, appellant performed three additional tests that did not involve the use of his legs, and he failed all three. During the alphabet test, when he was required to recite the alphabet from "D" to "S," he recited it correctly only from "D" to "M" and mumbled the portion from "M" to "S." During the "finger-to-nose" test, he was unable to touch the correct finger to his nose on any of the six occasions, and he swayed throughout the test. During the finger dexterity test, which required him to touch the fingertips of one hand to the thumb of that hand in a certain pattern, he managed to touch his thumb only twice out of an opportunity of twenty-four possible touches. Officer Brandeberry testified further that appellant had "bloodshot," "extremely glassy" eyes.

Finally, appellant admitted to Officer Brandeberry, early in their encounter before being asked to perform any field sobriety tests, that "he had a few drinks with dinner" that evening. At trial, on the Commonwealth's direct examination of Officer Brandeberry, counsel for appellant interrupted, in the following fashion, Officer Brandeberry's response to questioning about whether appellant made any statements to him during the stop:

> [OFFICER BRANDEBERRY]: I asked [appellant] where he had come from. He said he had a few drinks with dinner and he then stated –
>
> [APPELLANT'S COUNSEL]: Objection to the statements [on Miranda grounds].
>
>       *    *    *    *    *    *    *
>
> THE COURT: I'll sustain the objection.

It is not clear what the basis for the trial court's ruling sustaining the objection was, for it is well established that an individual is not entitled to be advised of his rights pursuant to Miranda v.

- 3 -

Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), prior to preliminary roadside questioning in the course of a routine traffic stop. See Berkemer v. McCarty, 468 U.S. 420, 440, 104 S. Ct. 3138, 3150, 82 L. Ed. 2d 317, 334-35 (1984) ("[P]ersons temporarily detained pursuant to" "ordinary traffic stops" "are not 'in custody' for the purposes of Miranda."). Further, appellant's objection came after Officer Brandeberry had already testified that appellant "said he had a few drinks with dinner" and was preparing to testify about what appellant "then stated —" when appellant's counsel interrupted, "[o]bjection to the statements [on Miranda grounds]." Thus, the record supports the inference that appellant's objection pertained not to what Brandeberry had already said but to what he was preparing to testify next and, thus, that Brandeberry's statement about appellant's admission to having had a few drinks with dinner was evidence properly before the court for purposes of determining the sufficiency of the evidence to support a conviction.[1]

The only reasonable hypothesis flowing from the evidence as a whole, viewed in the light most favorable to the Commonwealth, is that appellant operated his moped "while . . . under the influence of alcohol" as required to support his conviction for violating Code § 18.2-266.

For these reasons, we affirm appellant's conviction.

Affirmed.

---

[1] In addition, appellant's objection, sustained by the trial court, terminated this line of questioning, but for purposes of appeal, that objection did not result in the exclusion of the testimony Officer Brandeberry had already given—that appellant told Officer Brandeberry he had consumed "a few drinks with dinner" that evening. See M.G. v. Albemarle County Dep't of Soc. Servs., 41 Va. App. 170, 189 n.10, 583 S.E.2d 761, 770 n.10 (2003) (holding that where a party successfully objected to testimony already given on hearsay grounds but did not move to strike any of the testimony already given, that testimony was "part of the record for purposes of appeal" (citing Kent Sinclair, Joseph C. Kearfoot, Paul F. Sheridan & Edward J. Imwinkelried, Virginia Evidentiary Foundations § 2.4 [A], at 20 (1998); 1 John W. Cooley, Callaghan's Appellate Advocacy Manual: Lawyer's Edition § 3.09, at 29 (1993))).